JUSTIN BUTTERFIELD, appellant, *vs.* GEORGE W. SMITH, appellee.

*Appeal from Cook County Court.*

A quit-claim deed is as effectual for the purpose of transferring real estate as a deed of bargain and sale, unless there are words in the deed showing an intention on the part of the grantor to make limitations to his conveyance; if there are, then the grantee is bound by all the limitations it contains.

This was an action of ejectment, brought by appellant to recover thirty-five acres of the west half of the south-east quarter of section two, in town thirty-nine north, range twelve, in Cook county : described by metes and bounds. The cause came on to be heard at the May term of the Cook County Court, in the year 1848, before Hugh T. Dickey, Judge, and a jury. A verdict was found for the defendant. Both parties adduced title from the same source, to wit, George E. Walker. The plaintiff below prayed this appeal. The opinion of the Court exhibits enough of the case to elucidate the questions involved.

N. H. PURPLE and E. W. TRACY, for appellant.

JOHN C. CHAMPLIN and P. BALLINGALL, for appellee.

Opinion by Mr. Justice TRUMBULL :

Walker, who had once owned the land in controversy, by a quit-claim deed, dated January 1, 1844, and recorded January 20, 1844, released his interest in the same, and some fifteen

other tracts, to one George Smith, under whom the plaintiff claims. The deed is in the usual form of quit-claim deeds, conveying all the right, title and interest of the grantor in the lands described, except that after the description of the lands, it contains this clause : " Intending to convey such only as are now owned by said Walker, and not any that may have been conveyed to any one else."

The defendant gave in evidence a deed of bargain and sale, with covenants of warranty, from Walker to E. D. Taylor and others, embracing the land sued for, dated May 13, 1837, but not recorded. In the County Court the defendant had judgment. Unless Taylor and others were required to record their deed, as a protection against the subsequent quit-claim, under which plaintiff claims, the judgment must stand. To determine that question, it is only necessary to look to the language of the quit-claim deed, and ascertain what was intended to be conveyed by it. Such a deed is just as effectual for the purpose of transferring real estate, as a deed of bargain and sale ; and had there been no words in the deed under consideration, showing an intention on the part of the grantor not to convey the land in question, there can be no doubt that the plaintiff would have been entitled to recover. The deed, however, contains a clause showing that the grantor did not intend to transfer by it any interest in lands which he had previously conveyed. It was competent for the grantor to insert such a limitation in the deed ; and the grantee, by accepting such a deed, is bound by all the limitations it contains. The intention of the parties is the polar star by which Courts are always to be guided in the construction of contracts ; and can there be any question that Walker did not intend by his quit-claim deed to convey any land which he did not then own, or which might have been conveyed to any one else, when he has expressed that intention in the deed itself, as clearly as language could make it ? It is clear, therefore, that no interest in the land in question passed by the quit-claim deed, because Walker had previously conveyed the same land to Taylor and others. He says that it was his intention to convey only such lands described in the quit-claim deed as he then owned, and his ownership over the land in controversy was as effectually parted with, as to him, as it would have been if Taylor and others had immediately placed their deed upon record.

To construe the clause under consideration as extending only to such lands as Walker had previously conveyed to persons who had put their deeds upon record, would be to give it no meaning whatever. His second conveyance could in no way affect their rights. It is probable that Walker, being at the time a large operator in lands, did not precisely recollect what tracts he had sold, and hence inserted a clause in his quit-claim deed, that would protect all who had purchased from him, whether their deeds were recorded or not, even though he should make a second conveyance of the same land.

We cannot doubt that it was Walker's intention not to embrace in his quit-claim deed the land in controversy; and if a proposition so plain needed authorities to support it, it will be found to be abundantly sustained by the cases of Brown *vs.* Jackson, 3 Wheaton, 449, and McConnell *vs.* Reed, 4 Scammon, 117.

The judgment of the County Court is affirmed.

*Judgment affirmed.*