# JAMES A. HARPHAM *et al.*

## *v.*

## THOMAS LITTLE.

1. EVIDENCE—*in ejectment.* Where a plaintiff in ejectment read in evidence certain deeds in his chain of title, to which there was no objection in matter of form, or in respect to their execution or acknowledgment, it was held to be error to exclude them from the consideration of the jury, although there was some evidence of title to the remote grantors of the defendant, from the common source, prior in date to those deeds. The validity of such title of the defendant was questioned, and any danger of a misconception of the true state of the title from the deeds excluded, could have been obviated by proper instructions. Being pertinent to the issue, they should have been left to the consideration of the jury.

2. SAME—*of a deed executed pending an injunction in respect thereto.* In ejectment, the plaintiff read in evidence a deed to himself, which was executed pending an injunction restraining the grantor from making any disposition of the property; but an objection upon that ground was held not tenable. The defendant in ejectment was not a party to the injunction suit, which was for the benefit of the complainants therein, particularly; and even if the grantor of the defendant had an interest in the subject matter of the injunction, in the pending action neither of them had any cause for complaint.

3. Moreover, the complainant in the injunction suit had, under the authority of the decree therein, conveyed to the same grantee, and it was a fair presumption that the deed thus objected to was executed in harmony with, and carrying out the wishes of the complainant, who had obtained the injunction.

4. EVIDENCE *of the recording of a deed.* Where a prior deed is sought to be given in evidence to affect rights claimed under a subsequent deed, if it be attempted to show by parol that the former deed was recorded, with a view to notice, the time of the recording should be shown.

5. But parol evidence is not the best evidence to show that a deed was recorded, and should not be allowed unless the proper foundation is laid for secondary evidence.

6. SUBSEQUENT PURCHASER *under a decree—of his rights as against a prior unrecorded deed from the parties to the decree.* A decree in chancery authorized the sale and conveyance of "all the interest" of the parties in the suit, in and to certain land therein described, and the land was sold under that decree. The bill alleged that the parties, complainant and

defendant, were the owners of the land, and that it had never been disposed of or conveyed by them. The decree found that allegation to be true. In fact, however, the parties had previously conveyed the land by deed, but which was not recorded at the time of the sale under the decree. It was *held*, in view of the allegations in the bill in respect to the title, the finding of the court thereon, and the absence of the prior deed from the record, the words " all the interest," found in the decree and in the deed made under it, should not be construed as a limitation of the estate conveyed, so as to give any effect to the prior unrecorded deed as against the purchaser under the decree.

7. Such a conveyance as that made under the decree is unlike a deed of release and quit claim, by which the grantor only undertakes to convey .the interest he has, but it passes the entire title, without regard to a prior unrecorded deed from the same parties.

8. LIMITATION *act of* 1839—*of payment of taxes by an adverse party after the bar is complete.* Where a party has paid taxes on land, under color of title, for seven successive years, and possession has followed or accompanied such payment of taxes, so as to create a bar under either the first or second section of the limitation act of 1839, then such bar will not be interrupted by the subsequent payment of taxes by the holder of the paramount title.

APPEAL from the Circuit Court of Mason county.

This was an action of ejectment, brought in the court below by James A. Harpham and Lewis W. Ross, against Thomas Little, to recover lot number 10 in block number 40, in the town of Havana, Mason county.

The final trial resulting in favor of the defendant, the plaintiffs appealed.

The opinion of the court contains a sufficient statement of the case for an understanding of the questions decided.

Messrs. ROSS & ROSS, Mr. J. S. WINTER, and Mr. J. S. BAILEY, for the appellants.

Mr. B. S. PRETTYMAN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The record in this case was burned in the fire in Chicago, in October, 1871, and as the abstract is not full, we may have misapprehended, and may misstate portions of the evidence.

It was certainly error, after they had been introduced and read to the jury, to exclude from their consideration the deeds from the heirs of O. M. Ross, from the Littles, and from Aiken, to L. W. Ross. Though there was some evidence of title, from the common source, to the remote grantors of the defendant, prior in date to the date of these deeds, yet the validity of such title was questioned. No objection was taken to the form, execution or acknowledgment of the deeds. They were pertinent to the issue, as they were links in the plaintiffs' chain of title, and were, therefore, proper for the consideration of the jury. If there was any danger of a misconception of the true state of the title, from them, that could easily have been removed by instructions.

It is said that the deed from Aiken to plaintiff Ross, should not have been read, because it was made pending an injunction in the chancery proceeding in the Peoria circuit court, prohibiting him, as one of the defendants, from the sale and conveyance of any of the real estate described in the decree.

Concede this to be true, who has the right to complain of the violation of the injunction?

The defendant was not a party in the chancery suit, and the purpose of the decree, in the restraint imposed on defendant Aiken, was for the benefit of the complainants particularly. Even if the grantors of the defendant had an interest in the subject matter of the injunction, in this case neither they nor the defendant had any cause of complaint. The complainants were authorized, by the decree, to sell and convey the lands therein mentioned; and they had conveyed to the same party to whom Aiken made the deed. The fair presumption is, that he was acting in harmony with, and carrying out the wishes of, the complainants. There was no valid objection to the deed on the ground indicated.

Without an enumeration of the several deeds, it is sufficient to say that the plaintiffs proved a perfect title by the introduction of deeds, and the record of the chancery suit in the Peoria circuit court.

The defendant introduced a deed from the ancestors of the parties to the chancery suit to Mark M. Aiken, which was prior in date to the decree, but not recorded until after the sale and conveyance under it, to L. W. Ross. This raises the question as to the rights of Aiken and his grantees to the land in dispute, against the title of Ross, acquired by the deed from the complainants in the suit in chancery.

Indeed, the evidence of any record was incompetent. When the deed to Aiken was offered, in connection with parol evidence, plaintiffs objected, and the objection should have been sustained. The evidence of Aiken was, that the deed was not recorded in Mason county at the time received, but was afterwards; but he did not state when. He also stated that it "was recorded in Tazewell county," but the time is not given. Besides, this was not the best evidence of the fact of record, and no foundation was laid for secondary evidence.

But appellee contended that the parties to the chancery suit had conveyed their title before the decree; that, as the decree only empowered the sale and conveyance of the interest of the parties, nothing else could be conveyed; and that therefore no title passed, as against previous *bona fide* purchasers who held a good conveyance.

To sustain the argument, the following cases are cited: *McConnell* v. *Reed,* 4 Scam. 117; *Butterfield* v. *Smith,* 11 Ill. 485; *Hamilton* v. *Doolittle,* 37 ib. 473; *Brown* v. *Jackson,* 3 Wheaton, 449.

These cases merely establish the doctrine that a prior, unrecorded deed, containing the usual covenants of warranty, will hold against a subsequent quit claim deed to the same land, and recorded, and which contains express limitations against a second grant of the same land, or which must be construed as not embracing the land previously conveyed.

In the same cases, it is also held that a deed of release and quit claim will transfer title to land as effectually as a deed of bargain and sale, and that the prior record of such deed will give it a preference over one previously executed to the same

land, and subsequently recorded, unless the intention is clearly manifest not to include the land in the former deed.

In none of the cases cited was the deed made under a decree. The sales and grants were by private persons, and in some of them there was almost an express exclusion of the land first conveyed from the operation of the subsequent deed.

In the construction of the deed executed by virtue of the decree, we must consider the whole record—the bill as well as the decree.

The bill contained the express allegation that the lands therein mentioned were then owned by the parties, complainant and defendant, and had never been disposed of or conveyed by them. The court found the allegation to be true, and the record of deeds was in harmony with the finding. A decree was then rendered, conferring full authority to sell and to convey "all the interest" of the parties. In view of the allegations in the bill, the finding of the court, and the record of deeds, these words, "all the interest," should not be construed as a limitation of the estate conveyed in the deed executed by virtue of the decree. The bill alleged title in the parties, and the court so adjudged. The deed was unlike a deed of release and quit claim, by which the grantor only undertakes to convey the interest he has. If he has no right or title, he transfers none. The grantee is presumed to know the nature of the conveyance, and, with that knowledge, pays the consideration.

This is not true as to the purchaser at this judicial sale. He bought, not a bare interest, not a possibility, but a title which the court had found, and the record showed the parties had. He did not know the parties, and was not negotiating a purchase from private persons. The decree and the record evidenced title, and he had the right to rely upon them. When we consider the decree and the bill together, the necessary conclusion is, that the parties had the title; and when this is supported by the public records, the inference can not be

33—59TH ILL.

avoided, that the purchase was in good faith, and that a perfect title was obtained. In any other view, the decrees of the courts would be only a snare, and the registry acts no protection to purchasers.

This deed was made to carry out a sale under a decree in chancery. If the court had jurisdiction of the subject matter, and of the parties who had an interest, as shown by the record, or by proper notice, then a subsequent reversal of the decree could not affect the title of the purchaser. Washburn says such a deed "is evidence of title in the grantee against all the world." 2 Wash. R. P. 540.

We should advert to one other question. The plaintiff Harpham, had a deed in 1851. No objection is made to it as color of title under either the 8th or 9th sections of the conveyance act. He paid taxes from 1852 to 1858 inclusive. If possession followed or accompanied the payment of taxes, so as to create a bar under either section, this bar was not interrupted by the payment of taxes in 1859 by the defendant.

The proof in the abstract as to the character of the possession is so meagre that we do not determine as to a bar under either section. This can be more fully developed upon another trial.

We do not think that the record before us shows any notice to the purchaser under the decree, of the existence of the unrecorded deed prior to the purchase.

The judgment is reversed and the cause remanded.

*Judgment reversed.*