# SARAH A. BROWN *et al.*

*v.*

# THE BANNER COAL AND COAL OIL COMPANY.

*Filed at Springfield June 12, 1880—Rehearing denied January Term, 1881.*

1.  RECORDING LAW—*quitclaim deed takes precedence of warranty deed, if first recorded.* A quitclaim deed of all the grantor's right, title, claim, etc., in and to land which is vacant and unoccupied, when recorded, will take precedence over a prior unrecorded warranty deed made by the same grantor, and pass the title, where the subsequent purchaser has no notice of the prior conveyance.

2.  Under the statute in force since 1833, all deeds conveying lands, or any interest therein, take effect from and after the time of filing them for record, and not before, as to all subsequent purchasers without notice, and a purchaser without notice by a deed of quitclaim and release is such a purchaser as is protected by the statute, unless such deed contains words manifesting an intention not to include lands previously granted, or words suggestive of a former conveyance of the same land by the grantor.

APPEAL from the Circuit Court of Rock Island county.

This is an action of ejectment, brought against the corporation, to April term, 1873, in the circuit court of the county of Rock Island, by the widow and heirs-at-law of William Brown. The last trial of the issue was in 1878, which resulted in a finding for defendant, and judgment thereon, from which plaintiff appeals to this court.

The land involved in the action was owned, in 1844, by one Periander Pollock. Pollock, being thus the owner in fee, conveyed the land, by warranty deed of that date, to William Brown. This deed was not recorded until October, 1870. Brown died in 1863, and his title thus passed, by operation of law, into the plaintiffs in this action.

In October, 1865, Periander Pollock and wife sold and conveyed, by quitclaim, to three men, (Brittenbauner, Wilson and Streetor,) "all the right, title, interest, claim or demand which the said party of the first part have in and to " the

property in question.  This deed was recorded October 25, 1865.  This title was, in 1866, conveyed by Brittenbauner, Wilson and Streetor to the defendant corporation.  Prior to 1865, this land was unoccupied, and possession was, in that year, taken under the deed so recorded, and has ever since been in the possession of the defendant.

Messrs. CONNELLY & MCNEAL, for the appellants.

Mr. JOHN B. HAWLEY, for the appellee.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court :

The only question we need notice in this case is, which of the two deeds made by Pollock shall prevail.  Counsel for appellants insist with much force that the grantee in such a quitclaim deed as that of Pollock, made in 1865, is not a subsequent purchaser in good faith of the same thing which was conveyed by his former deed to Brown.

Were this an open question before us, the suggestions presented in their argument would be entitled to very great consideration ; but the question is settled in this State by a line of authorities, which constitute a rule of property, and ought not to be disturbed by the courts.

In so far as relates to this question, our recording laws are the same now that they were in 1833.  By them, all deeds conveying lands, or any interest in them, take effect "from and after the time of filing the same for record, and not before," as to all subsequent purchasers without notice ; and a purchaser without notice, by such a deed of quitclaim and release, has always been held, in this State, to be such a purchaser.  This same question arose in *McConnel* v. *Reed,* 4 Scam. 117, and this court there held that "a deed of release and quitclaim is as effectual, for the purpose of transferring title to land, as a deed of bargain and sale ; and the prior recording of such deed will give it a preference over one previously executed, but which was subsequently recorded."

It is insisted, in substance, that the title having passed from Pollock, by his warranty deed to Brown, the true title is excluded from the description in the second deed; that the latter deed does not profess to convey the land, or the fee simple title to the land, but merely such title as the grantor had at that time; and, the grantor having really no title, nothing passed by the deed.

A different construction was given to such a deed in *McConnel* v. *Reed, supra,* and in *Butterfield* v. *Smith,* 11 Ill. 485. Such a deed is distinguished from a deed using these same words, with an addition, saying, "intending to convey *such only* as are now owned by said Walker" (the grantor) "and *not* any that *may have been conveyed* to any one else."

The doctrine, as stated in *McConnel* v. *Reed, supra,* has been sustained in this court in many cases. *Kennedy* v. *Northup,* 15 Ill. 154; *Holbrook* v. *Dickenson,* 56 id. 497; *Harpham* v. *Little,* 59 id. 509; and other cases.

That doctrine, with its limitations, is stated in *Harpham* v. *Little, supra,* to be, "that a prior unrecorded deed containing the usual covenants of warranty, will hold against a subsequent quitclaim deed to the same land, duly recorded, and *which contains express limitations* against a previous grant of the same land," and that on the other hand the prior record of a deed of release and quitclaim will give it preference over a deed previously executed conveying the same land and subsequently recorded, "*unless* the intention is clearly manifested not to include" in the quitclaim deed the land mentioned "in the former deed." The same rule is stated in *Morgan* v. *Clayton,* 61 Ill. 40, where it is said, "a deed of that character (release and quitclaim) will as effectually pass the title and the covenants running with the land, as a deed of bargain and sale, if the *deed itself contains no words restricting its meaning.*"

The quitclaim deed under which the defendant claims title in the case at bar, contains no such restricting words; contains no words manifesting "an intention not to include the

land" mentioned in the former deed, and contains no words suggestive of a former conveyance of the same land by the grantor.

The ruling of the circuit court was right, and the judgment must be affirmed.

*Judgment affirmed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM: We are asked, by petition for rehearing, to reconsider the conclusion reached in this case. It is insisted that the judgment of the court in *McConnel* v. *Reed, supra,* does not sustain our judgment in this case, but is in fact adverse to the conclusion here reached; and this, because a deed of release in that case was held to convey no title to the premises there sought. This position is not sustained by a careful examination of that case. The general proposition was there made, that such deeds, *upon their face,* do not purport to convey title, and can convey only such title as the grantor holds as against all others,—and hence, in case the title has been conveyed to another by a former deed, (though unrecorded,) no title could pass by the deed of release. This proposition the court, in that case, rejected, saying:

"A deed of release and quitclaim is as effectual for the purpose of transferring title to land as a deed of bargain and sale; and the prior recording of such deed will give it a preference over one previously executed, but which was subsequently recorded. In this respect, there is no distinction between different forms of conveyance. As a general rule, the one first recorded must prevail over one of older execution, when made in good faith, and when it appears to have been the intention of the parties to convey again the *same* lands which had previously been conveyed. But where the terms of the second deed do not necessarily embrace the land previously conveyed, and, on the contrary, are such as to show that it was not the intention of the grantor to include them,

the court will give it such construction as not to embrace them," etc.

In that case, it appeared that Arnett, being the owner of a certain eighty acre tract of land, had laid out upon it town lots, and after selling and conveying divers parts thereof to different parties, (among which conveyances was the conveyances under which defendant, in that case, claimed,) made to McConnel a deed of release of all his right and title to this eighty acre tract. Under these circumstances, the court held that it was not the intention of the parties to this deed to include such parts of the land as had before that been sold and conveyed by the grantor, holding that the use of these words in a deed of release, under *those circumstances,* did not embrace the lot of defendant within *the description,* and hence McConnel took no title.

The court, in passing upon the true construction of this deed of release, upon its face, says expressly, that "unexplained, it would transfer all and every part of the tract of land designated, the title to which the grantor had not previously divested himself of by a *valid transfer duly recorded.*"

It is evident, that had the lot of defendant been specifically mentioned in the deed to McConnel, the ruling on *this question* of description would have been in favor of McConnel.

In the case at bar, the land in dispute is specifically described in the quitclaim deed, and the release of "all the right, title, interest, claim or demand," which Pollock has "in and to" the land, unexplained, necessarily implies that he professed to have some right to the same, otherwise there is nothing for the release to operate upon. Not so in the conveyance to McConnel. There, the land had been laid off into town lots and parts of it sold, but parts not sold; hence, as to such a deed having something to operate upon, which would fill the description, without including the parts previously sold, the description is referred to such parts as were unsold.

In the case at bar, the deed purports to convey some right, and the whole having been before that sold, the description, if not operative upon land previously sold, has nothing to operate upon; hence the description, to embrace any thing, must be held to embrace the whole of the land.

The land being within the description, the grantees under this quitclaim deed are purchasers; and nothing indicating bad faith or notice of the former sale, the unrecorded deed, as against them, was inoperative until recorded, and not being recorded until after the record of the deed of release, by the *very words* of our statute, can not prevail.

The only debatable question in this case, in the absence of authority, relates to the question whether, on its face, this land is embraced in the description in the quitclaim deed. That question lay at the threshold of the case of *McConnel* v. *Reed*, came in judgment, and was there expressly decided. That decision has never been shaken by any decision in this State.    We do not feel at liberty to depart from it, whatever might be our views were this an open question.

Neither the decisions relating to the right of recovery of the purchase money, by the purchaser from the grantor in such deeds, in case of want of title, nor the decisions relating to the inuring to the purchaser under such deed, of title subsequently acquired by the grantor, have any bearing, as we conceive, upon the question under consideration.

The petition for rehearing is therefore denied.

*Petition denied.*