## JOSEPH M. MARSHALL

### *vs.*

## LOUIS ROBERTS.

R. being the owner of certain real estate, executed and delivered to M. a quit-claim deed of all his (R.'s) right, title, interest, &c., in the same. The deed was never recorded. Subsequently R., for a valuable consideration, executed and delivered to L., who had no notice of the deed to M., a quit-claim deed of all his (R.'s) right, title, interest, &c., to the same real estate, which quit-claim deed was duly recorded. *Held*, that whatever estate, right, title or interest, M. acquired by the deed to him is unaffected by the deed to L.

The plaintiff, claiming that the defendant was the owner of certain real estate, and that after having sold and conveyed the same to him, and knowing his deed was unrecorded, he sold and conveyed the same premises to other parties, who were purchasers in good faith, and whose deeds were recorded, brought this action to recover damages therefor. At the trial, after the plaintiff had introduced his evidence and rested, the defendant moved for a dismissal of the action. The court granted the motion and judgment of dismissal was entered. The plaintiff appeals to this court. The facts upon which the decision is based, are fully stated in the opinion of the court.

Lorenzo Allis, for Appellant, cited the following authorities : 1 *Hilliard on Torts, ch.* 3, *pp.* 83–88 ; 2 *Smith's Leading Cases,* (*Am. Ed.* 1855), *p.* 176 *and authorities cited ;* 1 *Smith's*

*Leading Cases,* (*Am. Ed.* 1855), *p.* 558 ; *Yates vs. Joyce,* 11 *John.* 140 ; *Lupton vs. Cornell,* 4 *Johnson's Ch. Rep.* 270 ; *Jackson vs. Post,* 15 *Wend.* 594 ; *Raynor vs. Wilson,* 6 *Hill,* 473 ; *Pindar vs. Wadsworth,* 2 *East.* 154.

Lampreys, for Respondent, cited the following authorities : *Martin vs. Brown,* 4 *Minn.* 282 ; *Hope vs. Stone,* 10 *Minn.* 141 ; *Everest vs. Ferris et al.,* 16 *Minn.* 26 ; *May vs. LeClaire,* 11 *Wal. U. S. Rep.* 217 ; 3 *Wheaton, U. S. Reports,* 449 ; *Allen vs. Holton,* 20 *Pick.* 458 ; *Sweet vs. Brown,* 12 *Met.* 177 ; *Hall vs. Chaffee,* 14 *N. H.* 216 ; *Adams vs. Cuddy,* 13 *Pick.* 463 ; *Hall vs. Thayer,* 5 *Gray,* (*Mass.*) 523 ; 2 *Wash. on Real Prop.* (2d Ed.) *marg. p.* 667 ; *Burke vs. Beveridge,* 15 *Minn.* 205 ; *Griggs vs. Fleckenstein,* 14 *Minn.* 81 ; *Lucas vs. Taunton and New Bedford R. R.,* 6 *Gray,* 64 ; *Wild vs. Hudson River R. R.,* 24 *New York,* 432 ; *Johnson vs. The Hudson River R. R.,* 20 *N. Y.* 73 ; *Schell vs. Second Nat. Bk.,* 14 *Minn.* 48 ; *Carroll vs. Minnesota Valley R. R.,* 13 *Minn.* 30 ; *Smith vs. Smith,* 2 *Pick.* 621 ; *Bush vs. Brainard,* 1 *Cush.* 78 ; *Rathbun vs. Payne,* 19 *Wend.* 399 ; *Hortfield vs. Roper,* 21 *Wend.* 618 ; *Lane vs. Crombie,* 12 *Pick.* 177 ; *Sugdon on Vendors,* (9th *Lon. Ed.*) *marg. p.* 452 ; 1 *Hilliard on Torts,* (2d Ed.) 83 ; *Anthony vs. Slaid,* 11 *Met.* 290 ; *Lamb vs. Stone,* 11 *Pick.* 526 ; *Rawle on Cov. for Title, pp.* 237–8, 255, 606, 628, 634, 637, 705, 644 ; *Faribault vs. Sater,* 13 *Minn.* 232 ; *Gouverneur vs. Elmendorf,* 5 *John. Ch.* 79 ; *Abbott vs. Allen,* 2 *John. Ch.* 519 ; *Frost vs. Raymond,* 2 *Caines, Reps.* 188 ; *Patton vs. Taylor,* 7 *How. U. S.* 159 ; *Van Rensselaer vs. Kearney,* 11 *How. U. S.* 323 ; *Jackson vs. Winslow,* 9 *Cowen,* 1 ; *Jackson vs. Hubble,* 1 *Cowen,* 616 ; *Bates vs. Delavan,* 5 *Paige, Ch.* 299 ; *Woodruff vs. Bunce,* 9 *Paige, Ch.* 443 ; *Tallman vs. Green,* 3 *Sand. Reps.* 437.

*By the Court.*—BERRY, J.—For the purpose of determining

Marshall v. Roberts.

the only question necessary to be considered in this case, we may assume that the following propositions, which plaintiff claims to have proved, or to have offered to prove, are true as matter of fact :

1st.   That on the 12th day of May, 1860, Louis Roberts was the owner of lot four, in block four, of the town of St. Paul, according to the recorded plat thereof.

2d.   That on said 12th day of May said Roberts, together with his wife, executed and delivered to the plaintiff, Joseph M. Marshall, a quit-claim deed of all their right, title, interest, claim, and demand, in and to said lot, which deed through inadvertence on plaintiff's part has never been recorded.

3d.   That on the 2d day of August, 1865, said Roberts (well knowing his deed to Marshall, and Marshall's inadvertent omission to have the same recorded) for a valuable consideration, executed and delivered (his wife joining) to Uri L. Lamprey a quit-claim deed of all their right, title, interest, claim and demand in and to said lot, which deed was duly recorded August 3d, 1865, the said Lamprey at the time of said conveyance to him, and at the time of paying the consideration therefor, having no notice of the aforesaid conveyance to the plaintiff.

4th.   That on the 22d day of May, 1867, said Lamprey and wife, for a valuable consideration, executed and delivered to William J. Cutler a warranty deed of said lot, which was duly recorded on the 29th day of May, 1867, the said Cutler at the time of such conveyance to him, and at the time of paying the consideration therefor, having no notice of said conveyance to the plaintiff, and having purchased in good faith.

Plaintiff's claim is, that by reason of defendant's deed to Lamprey, and the recording thereof, he (plaintiff) has lost his title to the lot in question, and has therefore suffered damage

to the value of said lot, which damage he seeks to recover of defendant in this action.

If the deed from Roberts to plaintiff conveyed nothing to plaintiff, the subsequent deed to Lamprey can have taken nothing away from him, or, in other words, it cannot have damaged the plaintiff.

If on the other hand, as would appear from the facts before assumed, the deed from Roberts to plaintiff conveyed a good title to the lot in question, or any right, title, interest, claim, or demand in or to it, then, neither such good title, nor any such right, title, interest, claim or demand, could be taken away or impaired by the subsequent conveyance to Lamprey. For the deed to Lamprey is a quit-claim deed in common form, the effect of which, under our statute, is to pass such estate as the grantor could lawfully convey by the ordinary deed of bargain and sale. In *Martin vs. Brown*, 4 *Minn.* 291, it is held that the legislature by the words " lawfully convey," intend to limit the estate conveyed by a quit-claim deed, to such as the grantor has a legal right to convey, and that as he may not lawfully convey land which he has already conveyed to another, nothing passes by such deed beyond the grantor's actual interest at the time of the conveyance. And in *Hope vs. Stone*, 10 *Minn.* 152, where there was a conveyance (by warranty deed) of all the right, title, interest, &c., &c., of the grantor in and to certain land, it was held that nothing passed to the grantees by the conveyance which the grantor had previously conveyed to the other parties. (See also cases there cited.) In *Everest vs. Ferris*, 16 *Minn.* 26, the rule thus laid down in *Martin vs. Brown*, is reiterated ; and independently ( so far as appears ) of any statute, it is held in *May vs. Le Claire*, 11 *Wallace* 232, that a party who has acquired his title by a quit-claim deed cannot be regarded as a *bona fide* purchaser without notice, and that such conveyance passes the title as

Marshall v. Roberts.

the grantor held it, and the grantee takes only what the grantor could lawfully convey. The provisions of our statute in regard to the effect of recording and failing to record deeds, are also in entire harmony with the views expressed in the case cited. *Sec.* 54, *ch.* 35, *Pub. Stat.*, which seems to have been in force at the time when Roberts made the deed to Lamprey, enacts that every conveyance by deed, &c., shall be recorded, &c., and that every such conveyance not so recorded shall be void, as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded. Substantially the same provisions as those above mentioned, are also found in *sec.* 24, *chap.* 46, *Rev. Stat. and sec.* 21, *chap.* 40, *Gen Stat.*, so that our statute in this particular seems to have remained unchanged These provisions, as will appear upon a moment's reflection, so far from militating against the views expressed in the cases cited, come to their aid, since it is only the purchaser of the *same* real estate, or any portion thereof, who by his priority of record cuts out the title of a prior purchaser. For when the second purchaser obtains by his quit-claim deed only what his grantor had (his grantor's right, title and interest) at the time when such deed was made, he is not a purchaser of the *same* real estate (or any part *thereof*) which his grantor had previously conveyed away and therefore no longer has. But besides this, the grantee in a quit-claim deed like that from Roberts to Lamprey, though he may not in fact have known that his grantor had previously conveyed the described premises to another, and though he may not in fact have intended to defraud such prior grantee, is not a purchaser in good faith as against such prior grantee, for nothing is attempted to be transferred to him, except whatever right, title, &c., the grantor has at the time when the quit-claim deed is executed, so that as in the case of *Hope vs. Stone* the very

terms of the deed are notice of the existence of the rights which have been conferred upon such prior grantee, or any other person.

These considerations, as it seems to us, dispose of this case and prevent us from reaching the questions mainly discussed by plaintiff's counsel.

The judgment entered below dismissing the action is affirmed.