[See 22 Fed. 302.]

## Case No. 5,117.

### FRIEDLANDER et al. v. JOHNSON et al.

[2 Woods, 675.] [1]

Circuit Court, S. D. Mississippi.   May Term, 1875.

## Case No. 5,116.

### In re FRIEDBERG.

[19 N. B. R. 302.] [1]

District Court, S. D. New York.   Dec. 5, 1879.

---

[1] [Reprinted by permission.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

James Z. George and A. M. Harlow, for complainants.

W. L. Nugent and D. & S. W. Jones, for defendants,

BRADLEY, Circuit Justice. A clearer equity of a wife has rarely been shown in a court of justice. Unless prevented by some technical rule from having her rights, so far as the property in question is concerned, she must prevail in this suit.

Technical law is cited to show that a resulting trust could not arise in favor of Mrs. Johnson, when her husband originally purchased the property from Hogan. But she does not stand on a resulting trust. She has the legal estate, and does not seek the benefit of any such trust. The complainants have come into the court to press an equity which they claim to have against Mrs. Johnson. They come subject to the rule that he who asks equity must do equity. Whether Mrs. Johnson had or had not a resulting trust, which she could have enforced, is not material. Her money or her property went to the purchase of this plantation. She was equitably entitled to be repaid or secured out of her husband's estate. He placed Howard's note in her hands for this purpose; with this note she acquired the legal estate in the land. Surely her equity to keep it is greater than the complainants' equity to take it from her.

It is well settled that if a husband borrow or use his wife's money or estate for his individual purposes, he becomes equitably indebted to her, and may secure her by payment or pledge, or in any other proper way. See 2 Story, Eq. Jur. §§ 1404–1415, and Sykes v. Chadwick, 18 Wall. [85 U..S.] 141. This is all that was done in this case.

We are met, however, by the statute of Mississippi, which declares that "if the husband shall purchase property in his own name with the money of his wife, he shall hold the same only as trustee for her use; but such trust shall be void as against creditors of the husband, who contracted or gave credit in consequence of the possession of such property, without notice of the trust." Code, § 376. The complainants claim the benefit of this law. They allege that the property in question, though purchased with the wife's money in 1856, stood in the husband's name until 1866, and that they gave him credit on the faith of his ownership thereof, without notice of the trust. This plea cannot avail the complainants unless they can prove that the conveyance to Howard was a fraudulent one, intended to cheat them. For, if the conveyance to Howard was valid, then the title of Mrs. Johnson is unimpeachable, if she was equitably entitled to the note of Howard, which her husband transferred to her. From the evidence in the case, it would have been difficult for the complainants to attack the title of Howard. Johnson may have sold the property to him because he was largely in debt, and in order to have its proceeds in more manageable shape in case of being pressed by his creditors. But there is no evidence that it was not sold for its full value, or that Howard did not purchase it in good faith. If this was the case, there was no law to prevent its sale. The bankrupt law, if it would have affected the transaction, had not then been passed. At all events, the complainants never did attack it, although they recovered judgment against Johnson in November, 1866, and failed to collect anything thereon.

But, aside from this consideration, it is questionable whether the statute referred to can fairly be quoted by the complainants in their favor. By the decisions of the supreme court of Mississippi, it would seem that a reliance on property thus situated, namely, purchased with the wife's money, in order to give the husband's creditors a priority over the wife, must be a special and specific reliance, giving actual credit to that particular property. Thus, in Butterfield v. Stanton, 44

Miss. 26, it is laid down with regard to the statute in question as follows:

1. "That it is exceptional and almost penal, as to the wife, in declaring a trust to her use void, in the contingency stated. This statute ought therefore to be strictly construed.

2. "Though the statute declares the trust void as to a class of creditors, it creates no lien on the property. The property thus subjected to their debts is bound only as other property, there being no lien until one is obtained by judgment, mortgage or otherwise. There is none per se.

3. "The trust provided for in this statute is available to the wife except as to those creditors giving credit on account of this particular property. To benefit creditors, the contract of credit ought, therefore, to be based upon it, and it ought in some way, to be defined or distinguished by the parties at the time of the credit. It should be definitely made to appear that the particular property was the occasion of the credit."

Now, in the present case, Johnson, at the time the complainants gave him credit for their present claims against him, was in possession of other property to a large amount, and was producing large annual crops which were disposed of through the agency of the complainants as his commission merchants. It cannot be pretended that they gave any such special credit to the particular property in question, as is mentioned and required in the foregoing abstract of the decision referred to. On the contrary, in March, 1861, when the complainants were taking security from Johnson for his then indebtedness to them, amounting to over $12,000, they took from him a trust deed on other property standing in his name, together with certain slaves, and did not take any lien on the property in question. It is true, they say that they supposed that the latter property was included in that trust deed; but this is denied by Johnson, and no evidence is offered to sustain the statement.

As to the position that a resulting trust only arises when actual money of another is used in the purchase of property, and not when other assets are so used, it has no foundation in reason or authority.

The plea that the wife gave her consent to the use of her slaves and other property, in purchasing property in her husband's name, cannot avail in this case, because, even if she did give such consent, and if she was bound by it (which under her peculiar circumstances may be doubted), she, at any rate, became a creditor of her husband to the amount thus appropriated, and this was a good consideration for the note of Howard, which she received, and with which she obtained the deed for the property which she now holds.

In any point of view in which the case may be considered, we are always met by the wife's equity standing out in bold relief, and dominating every claim which the complainants may assert in their favor.

Bill dismissed.