WILLINGHAM, *Appellant*, v. HARDIN.

| 75 | 429 |
| 108 | 385 |
| 75 | 429 |
| 112 | 511 |
| 75 | 429 |
| 123 | 178 |

**Quit-claim Deed:** RECORDING ACTS. A quit-claim deed received in good faith for a valuable consideration, without notice of a prior unrecorded deed, will prevail over such prior deed. Following *Fox v. Hall*, 74 Mo. 315, also *Boogher v. Neece, ante*, p. 383.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

AFFIRMED.

The following is the instruction referred to in the opinion : " The record of the deed from Robert C. Mansfield to J. P. Clark, given in evidence by defendant as part of his chain of title, being a quit-claim deed, defendant was bound to take notice of any defect in the title he was getting, and he only took such title as Mansfield had at the time. Although no record appears of a deed from Smith and Mansfield to John Willingham, the fact of no deed being of record is not a defense to this action."

*Hall & McIntyre* for appellant.

*Macfarlane & Trimble* for respondent.

SHERWOOD, C. J.—Among the questions this record presents, there is one which decisively dominates this case, thus obviating all necessity for considering any other. The defendant exhibited in evidence a perfect paper title. Among the links in his chain of title, however, were several quit-claim deeds. The theory of an instruction asked by the plaintiffs but refused by the court was to the effect that defendant, in consequence of the foregoing facts, did not occupy a position such as he would have occupied had the deeds mentioned been other than quit-claim deeds. This theory was erroneous, as was expressly decided by this court in *Fox v. Hall*, 74 Mo. 315, where it was held that a purchaser in good faith, for a valuable considera-

tion, who acquires title by quit-claim deed, takes precedence of one holding under a prior unrecorded deed of which he had no notice. To the same effect see other authorities cited in 25 Alb. L. J. 123. The defendant occupies just this attitude. This being so, it would avail the plaintiffs nothing were every other point they have raised decided in their favor. Therefore, judgment affirmed. All concur.