DOROTHEA MOELLER, Respondent, *v.* LOUIS J. HOLTHAUS,
Appellant.

### October 31, 1882.

1. A vendor's lien has no existence as against a subsequent *bona fide* purchaser for value without notice.
2. That such a lien is in writing and under seal is immaterial if unrecorded.
3. The rule is not affected by the fact that the subsequent purchaser takes by a quit-claim deed.
4. The purchaser is not put upon inquiry by the fact that his vendor's wife's parents are in possession under a recorded lease at a nominal rent.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Reversed and dismissed.*

HITCHCOCK, LUBKE & PLAYER, for the appellant: A vendor's lien cannot be decreed for the payment of an annuity, or for the enforcement of a contract to support a person. — *Clarke* v. *Royle*, 3 Sim. Ch. 449 ; *Brawley* v. *Catron*, 8 Leigh, 522 ; *McCandlish* v. *Keen*, 13 Gratt. 615 ; *Payne* v. *Avery*, 21 Mich. 524 ; *Arlin* v. *Brown,* 44 N. H. 102 ; *Meigs* v. *Dimock*, 6 Conn. 458 ; *McKellip* v. *McKellip*, 8 Barb. 553. Taking security on the land for part of the consideration for the conveyance, operates as a waiver of a lien for the balance. — *Brown* v. *Gilman*, 4 Wheat. 256 ; *Fish* v. *Howland*, 1 Paige, 30 ; *Phillips* v. *Sanderson*, 1 Smed. & M. Ch. 462.

LOUIS GOTTSCHALK, for the respondent: A vendor of land has a lien on the same, for the purchase-price. — *Gill* v. *Clark*, 54 Mo. 415 ; *Pratt* v. *Clark*, 57 Mo. 189 ; *Linville* v. *Savage*, 58 Mo. 248 ; *Emison* v. *Whittlesey*, 55 Mo. 254 ; *Partridge* v. *Logan*, 3 Mo. App. 509. A quit-claim deed will not support a claim of being a purchaser without notice, for a valuable consideration. The purchaser takes only what the vendor can lawfully convey. — *Ridgeway* v. *Holliday*, 59 Mo. 444 ; *Stivers* v. *Horne*, 62

Mo. 473; *Mann* v. *Bert*, 62 Mo. 147, 491; *Austin* v. *Loring*, 63 Mo. 19; *Oliver* v. *Pyett*, 3 How. (U. S.) 333; *May* v. *Lertoine*, 11 Wall. 232.

THOMPSON, J., delivered the opinion of the court on re-hearing.

This action is in the nature of a suit in equity to enforce a vendor's lien. Adopting the statement of facts as made in the opinion of the court pronounced on the former hearing, the case was as follows: On December 19, 1878, Hartman Moeller and Dorothea, his wife, conveyed to Ernst H. Hoffman, for the expressed consideration of $1,690, a house and lot in the city of St. Louis. This consideration was made up of an outstanding encumbrance by deed of trust for $1,100, which the grantee undertook to pay, and $590, which he had previously loaned to the grantors, whereof $400 was secured by deed of trust on the same property. As a part of the transaction, this deed of trust was released by Hoffman. At the same time Hoffman executed to Moeller and wife a lease, for and during their natural lives and the life of either, surviving, of the two rooms and kitchen on the first floor, and part of the cellar, at a rental of $2 per annum. These instruments were duly acknowledged and recorded. Hoffman also executed and delivered the following paper, which was not acknowledged or recorded : —

" For and in consideration of the sale to me by Hartman Moeller and his wife, of the house and lot on the corner of Eighteenth and Warren Streets, and as a part of the consideration to be paid by me, I do hereby bind myself, my executors and administrators and heirs, to pay to said Hartman Moeller, during the term of his natural life, each and every month, the sum of $20 in advance. And I do further bind myself, my heirs, executors, and administrators, after the death of said Hartman Moeller, to pay to his widow the sum of $12 in advance, each

and every month during the natural life of his said widow, Dorothea. This obligation shall not be assignable to the use of any other person but him, the said Hartman Moeller, and Dorothea, his wife.

" In witness whereof, I have hereunto set my hand and seal, at the city of St. Louis, this nineteenth day of December, 1878.

[SEAL]                    " DR. E. H. HOFFMAN."

Until November, 1880, Hoffman paid regularly the monthly sums thus provided for. On November 16, 1880, he sold the real estate to the defendant herein, giving him a quit-claim deed, for the consideration of $620, leaving the property subject to the $1,100 deed of trust to the inchoate dower right of Hoffman's wife, and to a lease of a part of the premises already spoken of, in which but a nominal rent was reserved. Hoffman then left the city, and has not since been heard from. The testimony tended to prove that the defendant never heard of the contract for a monthly allowance until after the consummation of his purchase. This suit was commenced by Moeller and wife, who prayed for a decree revesting the title in them, or that the monthly payments be declared a charge upon the realty, according to the terms of the contract with Hoffman. Moeller has since died, and the suit is prosecuted by his widow. The circuit court gave judgment in the plaintiffs' favor for the amount of arrearages unpaid, and decreed a lien on the property for this sum and for the future instalments.

For the purpose of making clear the ground on which we now place our decision, we shall concede (but without deciding) that the instrument above set out had the substantial effect of reserving a lien upon the land, enforceable in equity as against Dr. Hoffman or a subsequent purchaser from him with notice.

What, then, is the effect of the contract as against this defendant? A vendor's lien has no existence in this state as against a subsequent *bona fide* purchaser for value with-

out notice. *Adams* v. *Buchanan*, 49 Mo. 64, 69. That the lien claimed in this case was evidenced by an instrument in writing and under seal, does not alter the principle; for this instrument could not have any higher dignity or greater effect than a prior unrecorded deed, which, under our registration laws, will not prevail against the deed of a subsequent *bona fide* purchaser for value, without actual notice. This instrument is either a mere personal covenant, as was supposed by the court in its former opinion, or else it is " an instrument in writing · * * * whereby real estate may be affected," within the very terms of the following section of our registration act: " Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, in law or equity, proved or acknowledged, and certified in the manner hereinbefore prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated." Rev. Stats., sect. 691.

" No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." Rev. Stats., sect. 693.

Does the fact that the premises were conveyed by Dr. Hoffman to the defendant by a deed of quit-claim merely, take the case out of the operation of this rule? That this defendant is not subject to any equities affecting the land, which may have existed between these plaintiffs and Dr. Hoffman, is settled by the decisions of the supreme court in *Fox* v. *Hall* (74 Mo. 315) and *Willingham* v. *Hardin* (75 Mo. 429), where it is held that a purchaser in good faith for a valuable consideration, acquires a title which is unaffected by a prior unrecorded deed of which he had no notice, although the conveyance to him is by a quit-claim deed only. That such is the possession of this defendant, the evidence leaves no room to doubt. He testifies that he knew nothing

about this contract until the transaction of purchase between him and Dr. Hoffman had been consummated, and Dr. Hoffman had left the country; and there is nothing in the evidence which casts doubt upon this statement. He is not only a purchaser for value, but, considering the fact that he purchased subject to the $1,100 encumbrance, to the recorded lease in favor of the plaintiffs of a portion of the premises, the rent reserved in which was nominal, and also to the inchoate right of dower of Mrs. Hoffman, he may be fairly regarded as a purchaser for a reasonable value. The suggestion that the fact of the possession of the plaintiffs, and the anomalous lease of record under which they were allowed to hold a portion of the premises for an annual rental of but $2, were circumstances which ought to have put him upon such inquiry as would have discovered the existence of the unrecorded contract of Dr. Hoffman, above set out, is without force; because the obvious suggestion from those facts was that the possession of the plaintiffs was under the lease, and not under any other claim of right or title, which was the fact. Nor would the fact that no more than a nominal rental was reserved have necessarily excited inquiry, in view of the further fact that the lease itself shows that it was given by Dr. Hoffman to the plaintiffs as a part of the consideration of the purchase of the property from them. Besides, Dr. Hoffman was their son-in-law. The obvious suggestion from this fact would have been that, on account of this relationship, a moral obligation may have arisen to assist in their support, in view of which he had been willing to let them have a lease of a portion of the premises at a nominal rental.

It results, from these views, that the judgment of the circuit court ought to be reversed and the suit dismissed. It is so ordered. All the judges concur.