McClung and others *v.* Steen and others.

*(Circuit Court, D. Minnesota. September 12, 1887.)*

1. Public Lands—When Title Passes—Quitclaim.

On payment of the purchase price and issue of the receiver's final receipt, the full equitable title passes to the person who has entered the land, and this title he may convey by quitclaim prior to obtaining the patent.[1] ·

2. Same.

As against the grantee under an unrecorded quitclaim executed, after issue of final receipt, by one who had entered the land under a warrant, a grantee under a subsequent quitclaim executed after patent issued takes no title.

3. Deed—Validity.

Where a deed is regular on its face and duly recorded, the burden of proof is on the party attacking it to show facts establishing its invalidity.

4. Same.

The fact that, at the time the grantor in a quitclaim deed executed it and left it with his agent for delivery, the name of the grantee and the amount of the consideration were not written in, does not render the deed void, where the agent had authority to fill out the blanks in a certain way and did so fill them out before the deed was delivered.

5. Trusts—Implied..

In Wisconsin, where money or other securities of one person are used by another to purchase property in his own name, an implied trust arises in favor of the party with whose means the purchase is made.

6 Judgment—Effect on Third Parties.

Where A. and B. are the only parties to a suit affecting the title to *one* of several tracts of land conveyed by a quitclaim, a judgment in that suit declaring the deed to be void is, as to C. and D., neither of them privies with A. or B., simply *res inter alios acta*, and, in a suit by C. against D. to quiet title to another of the tracts covered by the quitclaim, is neither binding as *res adjudicata* nor estoppel.

7. Evidence—Ancient Deed—Conditional Admission.

In a suit to quiet title the court intimated before the argument was closed that judgment would go for the plaintiff. The defendant thereupon moved to open the case and to introduce parol testimony to show that the deed under which plaintiff claimed title was in fact void. The deed in question was 36 years old, and the parties to it as well as those who were cognizant of the circumstances of its execution were dead. *Held*, that it was competent for the court to impose, as a condition of the opening, that the defendant should consent to admit in evidence testimony of those who knew the facts about the execution taken in other cases and between different parties, and subjected to cross-examination therein.

In Equity.

---

[1] Where the right to a patent for land has become vested in a purchaser, the government holds the legal title in trust for the purchaser until the patent is issued. U. S. **v.** Freyberg, *ante*, 195.

*Williams & Goodenow*, for complainants.
*Root. D. Russell* and *Harris Richardson*, for defendants.

BREWER, J. This is an action to quiet title. The taking of testimony was all finished, the case submitted, and partially argued before my Brother NELSON and myself at the December (1886) term. As the case then stood, the facts were these: The land was entered by Charles R. Conway, and the final receipt issued June 1, 1850. On the same day a quitclaim deed signed by Conway and his wife to I. B. Heylin was executed, but not recorded until August 14, 1854. The patent was issued on October 5, 1852, and recorded October 14, 1854. Under this quitclaim deed to Heylin complainant claimed title. On May 27, 1854, after the issue of the patent, but before the record of the quitclaim deed to Heylin, Conway executed a second quitclaim deed to one G. Starkey, under whom this defendant claimed. Beyond the title derived through the quitclaim deed to Heylin, complainant claimed title by virtue of certain tax proceedings, and also in the third place by virtue of the foreclosure of a mortgage given by the ancestor of defendant. These last two chains of title I shall not stop to consider. In the argument then made before us, defendant's counsel claimed that the quitclaim deed to Heylin was void because executed before the issue of the patent. This was clearly wrong, for on the payment of the purchase price and issue of the receiver's final receipt the full equitable title passed to Conway. The government simply held the naked legal title in trust for him, and Conway's quitclaim conveyed this full equitable title. *Carroll* v. *Safford*, 3 How. 461; *Witherspoon* v. *Duncan*, 4 Wall. 210; *Myers* v. *Croft*, 13 Wall. 291; *Camp* v. *Smith*, 2 Minn. 155, (Gil. 131.) The full equitable title having thus passed to Heylin, the subsequent quitclaim to Starkey conveyed nothing. *Marshall* v. *Roberts*, 18 Minn. 405, (Gil. 365;) *May* v. *Le Claire*, 11 Wall. 232; *Baker* v. *Humphrey*, 101 U. S. 494. In this last case the supreme court uses this language: "Neither of them was in any sense a *bona fide* purchaser. No one taking a quitclaim deed can stand in that relation." Defendant also relied on two judgments and decrees of the district court of Ramsey county, Minnesota, in the cases of *Steadman* v. *Heylin* and *Wolf* v. *Same*. The first was a case in which complainant brought suit upon a tax title and obtained decree in his favor; as the title thus established passed by subsequent conveyance to the present complainant, of course this judgment availed the defendant nothing. The other case was about different property, though covered by the same quitclaim deed to Heylin, and in that case appeared findings against the validity of that deed, but such judgment and decree, being in respect to other property and not between the parties to this suit, were simply *res inter alios acta*, and neither binding as *res adjudicata* nor estoppel. Before the argument was finished, we intimated to counsel our views upon these matters, and thereupon counsel prayed leave to open the case, and introduce parol testimony to show that this quitclaim deed from Conway to Heylin was in fact void. This application was strenuously resisted, but after full consideration my Brother NELSON and I thought the appli-

cation should be granted upon condition that defendant should consent to the reading in evidence of the testimony of Franklin Steele and Henry A. Lambert,—testimony taken in other cases between different parties and subjected to cross-examination. The reasons for imposing this condition were that Heylin, the grantee in that deed, was dead. Steele, who had been his agent in delivering certain land-warrants to the firm of Conway, Lambert & Nichols, was also dead, as was Lambert, the party who specially acted for Heylin, and who took the acknowledgment of the deed from Conway and wife to Heylin. The defendant had no absolute right to an opening of the case, and, as this deed had been executed 36 years before, it seemed to us no more than fair that all light that could be thrown upon the circumstances of its execution should be placed before us as a condition of the opening of the case. Of course, save as a condition imposed by the court of the opening of the case, such testimony would be incompetent, and counsel now insist upon its incompetence, and insist on the invalidity of the conditions imposed by the court. Believing that we had a right to impose the condition, I overrule the objection of incompetency. At the June term, 1887, the case, with the additional testimony, was argued before me alone, and upon this additional testimony I remark as follows: *First.* The deed being apparently regular and duly recorded, the burden is on the defendant to show facts establishing its invalidity. *Second.* The facts, as disclosed by the testimony of Conway, Steele, and Lambert, so far from proving invalidity, tend in my mind fully to establish its validity. The firm of Conway, Lambert & Nichols was formed in the spring or winter of 1850, and continued during the winter of 1852. This fact is shown by the advertisements in the papers at St. Paul, and does not rest upon the memory of witnesses. This tract was entered with a land-warrant. Conway testifies that he obtained this warrant from Lambert in settlement of the balance due him from Lambert after the dissolution of the partnership. Obviously this is a mistake, and he has simply confounded this transaction with some other, for this land was entered a year and a half before the dissolution of partnership. On the contrary, Lambert testifies that this land was entered with a land warrant belonging to Heylin, and that immediately upon the day of its entry a quitclaim deed was executed by Conway and his wife to vest the title in Heylin. Steele testifies that he delivered certain land-warrants to the firm of Conway, Lambert & Nichols, and that he paid the bill of that firm for their services for the location of his land-warrant, and in this testimony presents their receipted bill. These are the salient facts, and while there are other and minor matters in which there is some conflict, yet I have little doubt that this is substantially the truth. I think, therefore, the attempt to invalidate this deed by this parol testimony has failed.

It is said, however, by counsel for defendant, that when the deed was first prepared, and, as Conway testifies, when he signed and left it with Lambert, the name of the grantee and the consideration were not written in. Supposing this to be true, if, as seems to be conceded, authority was given to Lambert as an agent of Conway to fill in these blanks in a cer-

tain way, and they were so filled in before the deed was delivered, it would have to be held a valid conveyance. See *Pence* v. *Arbuckle*, 22 Minn. 417; *Drury* v. *Foster*, 2 Wall. 24; *Allen* v. *Withrow*, 110 U. S. 119, 3 Sup. Ct. Rep. 517.

Further, even if the deed as a deed was for any reason void, upon the testimony of Lambert and Steele it would have to be adjudged that Conway took the title simply in trust for Heylin; for the rule is and was in the territory of Wisconsin, where this transaction took place, that, when money or other securities of one person are used by another to purchase property in his own name, a resulting trust arises in favor of the party with whose means the purchase is made. *Rogan* v. *Walker*, 1 Wis. 454; *Moffatt* v. *Shepard*, 2 Bin. 66; *Friedlander* v. *Johnson*, 2 Woods, 675. So that under any event, without considering any questions arising under the last two chains of title set forth by complainant, I am of the opinion that his title derived under the Heylin deed is both by the record and the parol testimony good, and decree must go in his favor as prayed.