NICHOLAS WILHELM et al., Respondents, *v.* CHARLES WILKEN, Appellant.

THE RECORDING ACT — 1 R. S. 756, § 1 — PURCHASER BY QUIT CLAIM DEED PROTECTED AGAINST PRIOR UNRECORDED CONVEYANCE. The grantee, without notice of a prior conveyance and for a valuable consideration, of real estate by a deed which releases and quit claims a certain particularly described property, with all the appurtenances and all the estate, right, title and interest of the grantor, with *habendum* to the grantee, his heirs and assigns, forever, is to be deemed a *bona fide* purchaser for value without notice, and, as such, is entitled to the protection accorded by the Recording Act (1 R. S. 756, § 1) against a previously executed and delivered, but subsequently recorded, conveyance.

*Wilhelm* v. *Wilken*, 75 Hun, 552, affirmed.

(Submitted April 17, 1896; decided May 26, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, rendered in December, 1893, in favor of plaintiff, upon a submission of a controversy on an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

The plaintiffs had agreed to sell and convey to the defendant certain premises in Westchester county and the defendant refused to complete the contract for the purchase on his part, upon the ground that the plaintiffs had not a good title. The premises were originally owned by Cornelius H. Tallman, who acquired them in 1864 and whose title is conceded to have been good. Later in the same year, Tallman conveyed them to Page, by a warranty deed with full covenants, but which was not recorded until in February, 1893. In 1889, Tallman conveyed the same premises to Louisa A. Penfield, by quit claim deed, which was recorded a few days after its date. A few days later in the same year, Louisa A. Penfield conveyed the premises to these plaintiffs by warranty deed with full covenants for the consideration of $1,000. At the time of the conveyance to the plaintiffs, they had no notice that Tallman had conveyed the premises to Page, as above mentioned. The consideration expressed in the quit claim

deed from Tallman to Penfield was $125 and the conveyance was made subject to unpaid taxes and sales for the same. The language of the quit claim deed was as follows : " Have remised, released and quit-claimed, and by these presents do remise, release and quit-claim, unto the said party of the second part, and to her heirs and assigns forever," — (Then follows a full description of the property) — " together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title and interest, dower and right of dower, property, possession, claim and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in and to the above described premises, and every part and parcel thereof, with the appurtenances. To have and to hold all and singular the above mentioned and described premises, together with the appurtenances, under the said party of the second part, her heirs and assigns forever." The General Term held the title of the plaintiffs to be valid and required the defendant to complete his purchase.

The question, about which the parties are in dispute, is whether Louisa A. Penfield, as a purchaser of the premises by a quit claim deed, is to be deemed a *bona fide* purchaser for value without notice and, as such, to be within the protection accorded by that portion of the Revised Statutes of this state, which is commonly known as the Recording Act. (1 R. S. 756, § 1.)

*Frank A. Bennett* for appellant. A purchaser under a simple deed of quit claim is not to be regarded as a *bona fide* purchaser in good faith for a valuable consideration. ( *Villa* v. *Rodriguez*, 12 Wall. 323 ; *United States* v. *Sliney*, 21 Fed. Rep. 894; *May* v. *Le Clair*, 11 Wall. 232 ; *Marshall* v. *Roberts*, 18 Minn. 405 ; *Springer* v. *Bartle*, 46 Iowa, 688 ; *Ridgeway* v. *Holliday*, 59 Mo. 444 ; *Thorn* v. *Newsom*, 64 Tex. 161.) An unrecorded deed, as between parties, is

valid, and a grantee under a quit claim deed has no better right to the possession of the property than his grantor had. (*Ridgeway* v. *Holliday*, 59 Mo. 444.) A quit claim deed only purports to release and quit claim whatever interest the grantor may then have in the premises. If he had none *in esse* at its delivery, nothing passes, and the Recording Act will not give an instrument greater force or larger meaning than that expressed by the words of the recorded instrument. (*Sparrow* v. *Kingman*, 1 N. Y. 242; *Taylor* v. *Harrison*, 47 Tex. 454; *Rogers* v. *Burchard*, 34 Tex. 441.) Against an unrecorded deed a subsequent quit claim deed from the same grantor is invalid to pass the title to any portion of the property conveyed by the unrecorded deed. (*Marshall* v. *Roberts*, 18 Minn. 405; *Lumber Co.* v. *Hancock*, 70 Tex. 312.)

*Harry V. Morgan* for respondents. A purchaser under a quit claim deed, for a valuable consideration, without notice, is a "purchaser in good faith." (Devlin on Deeds, § 672; *Brown* v. *Banner Coal, etc., Co.*, 97 Ill. 214; *Cutler* v. *James*, 64 Wis. 173; *Bradbury* v. *Davis*, 5 Col. 265; *Shotwell* v. *Harrison*, 22 Mich. 410; *Chapman* v. *Sims*, 53 Miss. 154; *Graff* v. *Middleton*, 43 Cal. 341; *Willingham* v. *Hardin*, 75 Mo. 429; *Fox* v. *Hall*, 74 Mo. 315; *Rowe* v. *Beckett*, 30 Ind. 154; *Pettingill* v. *Devin*, 35 Iowa, 344.) A quit claim deed is a conveyance within the meaning of 1 Revised Statutes, 762, section 38. (*Lynch* v. *Livingston*, 6 N. Y. 422.) A quit claim deed is as good, for all purposes, as deeds of bargain and sale. (*Beddoe's Exr.* v. *Wadsworth*, 21 Wend. 121; *Jackson* v. *Fish*, 10 Johns. 456.) The plaintiffs, having received a warranty deed, are protected, although they trace title through a quit claim deed. (1 R. S. 756, § 1.) A purchaser, under a quit claim deed, is in the same position as a purchaser at a sheriff's sale, under an execution, in some respects. (*Fox* v. *Hall*, 74 Mo. 315; *Hetzel* v. *Barber*, 69 N. Y. 1.)

GRAY, J. I think there can be no doubt as to the correctness of the General Term judgment. While there seems to

have been no decision by this court upon precisely such a case
as is here presented; nevertheless, there are decisions to the
effect that deeds which " remise, release and quit claim " are
operative as a conveyance of land by way of bargain and sale.
Such are, for instance, the cases of *Lynch* v. *Livingston* (6 N.
Y. at p. 434) and *Striker* v. *Mott* (28 id. at p. 92), which
rested upon the authority of the early case of *Jackson* v.
*Fish* (10 Johns. 456). This latter case did away with the
strictness, in which a release or quit claim had been some-
times regarded. In *Sparrow* v. *Kingman* (1 N. Y. 242), it
was assumed in the opinion that an ordinary quit claim deed
might be used to pass the fee to an estate; so that whatever
the interest or estate of the grantor, whether that of tenant
for life, or years, or a fee, it would pass by such a conveyance.
But the provisions of the Revised Statutes should make the
matter perfectly clear. " Deeds of bargain and sale and of
lease and release may continue to be used and shall be deemed
grants; and, as such, shall be subject to all the provisions of
this chapter concerning grants." (1 R. S. 739, § 142.) The
requirement of the Recording Act, (1 R. S. 756, § 1), is that
every conveyance of real estate shall be recorded in the
office of the clerk of the county where it is situated,
and if not so recorded it shall be void as against any
subsequent purchaser in good faith and for a valuable
consideration, whose conveyance shall be first duly recorded.
Section 38 of the chapter prescribes that " the term
' conveyance,' as used in this chapter, shall be construed
to embrace every instrument in writing, by which any
estate, or interest in real estate, is created, aliened, mort-
gaged or assigned; or by which the title to any real estate
may be affected in law or in equity." The elasticity of the
term " conveyance " thus appears to be quite sufficient to
comprehend a grant by way of quit claim, or of bargain and
sale.

The argument for the defendant is that the unrecorded deed
from Tallman to Page was a valid conveyance and that Pen-
field, as grantee under Tallman's quit claim deed, has no better

right to the possession of the property than her grantor had, and as he had none, at the time of the delivery of the quit claim deed, there was nothing for it to grant. I fail to see the relevancy, or importance, of the argument, when considering the purpose and scope of the recording statute; which is designed, obviously, to afford protection to purchasers, in good faith and without notice, from those having an apparent title to land. In the cases in the United States Supreme Court of *May* v. *LeClaire* (11 Wallace, 217, 232) and *Villa* v. *Rodriguez* (12 id. 323, 338), it was, indeed, suggested that one who acquires his title by quit claim deed cannot be regarded as a *bona fide* purchaser without notice and that, as the conveyance by such a deed would pass the title as the grantor held it, the grantee would take only what the grantor could lawfully convey. The expression of such an opinion in those cases was unnecessary for their decision and nothing was, in fact, decided against the competency of quit claim deeds to convey interests in lands. They were based on the case of *Oliver* v. *Piatt* (3 How. U. S. 333); but that case did not go to any further extent, with reference to the question of the validity of a quit claim deed as a conveyance, than to point it out, in connection with other facts in the case tending to show notice, as a significant circumstance. Mr. Rawle, in his work on Covenants (4th ed. p. 35), justly criticizes *Oliver* v. *Piatt* and observes, in answer to the suggestion in the decision, that a deed with general warranty might as well be regarded as a " significant circumstance ; " for, unless there had been something wrong about the title, the purchaser would not have demanded a general covenant, and he must have intended to rely upon it for his protection. These cases and others in the state courts, to which the appellant refers, and which I have examined, not because they can be authoritative, but for the purpose of investigation, do not go quite so far as the appellant would have us believe; except in the one case, of *Marshall* v. *Roberts* (18 Minn. 405), where a contrary view of the question seems to have been taken. The Supreme Court of Iowa, while holding that a quit claim deed would not protect a pur-

chaser from one whose title was tainted by fraud, seems to have held, under the recording statutes in that state, that a purchaser acquiring title by quit claim takes precedence of one holding under a prior but unrecorded deed, of which he had no notice. (*Springer* v. *Bartle*, 46 Iowa, 688 ; *Pettingill* v. *Devin*, 35. id. 344.) In the Texas case of *Thorn* v. *Newsom* (64 Texas, 161), the question appears to have been raised ; but it was left undetermined. The distinction, however, was made there between a contract calling for the sale of the vendor's interest in the land, or, as it is termed, " chance of title," and one calling for a conveyance of the land as distinguished from a release of the vendor's rights. The intimation from the decision is that, if there was a conveyance intended, the *bona fide* purchaser would be protected. In the Missouri case of *Ridgeway* v. *Holliday* (59 Mo. 444), the title of the holder by quit claim deed from the holder of the record title was actually affected, because of his having notice of facts respecting the title of the true owner of the land.

On the other hand, there are many decisions by the state courts, to the effect that the holder of the quit claim deed is entitled to be regarded as a *bona fide* purchaser and to be protected against a prior, but subsequently recorded, deed. (*Brown* v. *Banner Coal, etc., Co.*, 97 Ill. 214; *Chapman* v. *Sims*, 53 Miss. 154; *Cutler* v. *James*, 64 Wis. 173 ; *Shotwell* v. *Harrison*, 22 Mich. 410 ; *Graft* v. *Middleton*, 43 Cal. 341 ; *Willingham* v. *Hardin*, 75 Mo. 429.) The recording statutes in these different states are very similar to, if not substantially the same as, the New York statute ; and the effect of the decisions is to make a deed of real estate by quit claim as operative to transfer title, as would be a deed of bargain and sale and to hold that the prior recording of such a deed would give it a preference over one previously executed and delivered, but which was subsequently recorded.

The practice of transferring title to real estate through quit claim deeds has not been uncommon in this state, and, in the absence of any facts creating a suspicion as to the transaction of transfer, there is nothing especially significant in the use of

such a mode of conveyance. The point is, what is effected by the deed; and where, as in the present case, the subject of the release and quit claim is a certain particularly described property with all the appurtenances and all the estate, right, title and interest of the grantor, with "*habendum*" to the grantee, her heirs and assigns, forever, a conveyance of the real estate, within the meaning of the act, is evident. The terms of such a deed imply that Tallman professed to have an interest in the premises, which he could convey, and it is the duty of the court to so construe a deed, purporting to convey land for a valuable consideration, as to give effect to the intentions of the parties, and to hold it to be a conveyance of the land.

I think the judgment of the General Term should be affirmed, with costs.

All concur.

Judgment affirmed. _____