Robert J. Ponzini, Esq. Village Attorney, Hastings-on-Hudson
You have requested our opinion concerning the following questions relating to a successful bid at a public auction of certain real property owned by the Village of Hastings-on-Hudson:
 "1. Is the contract complete upon the acceptance of a successful bid?
 "2. What discretion, if any, does the Village have in returning the down payment of the successful bidder?
 "3. What discretion, if any, does the Village have in adjusting the purchase price as a result of the successful bidder's objection to the encumbrances in the deed?"
1. A contract of sale by auction is ordinarily complete when the auctioneer announces acceptance of the highest bid. Auction sales of real property require, in addition to the auctioneer's acknowledgment of the highest bid, a subscribed memorandum of the sale. (General Obligations Law, § 5-703; see 7 N Y Jur 2d, § 15, citing Tayar v New York,61 Misc.2d 612 [Sup Ct, Kings Co, 1970], affd 35 A.D.2d 690 [2d Dept, 1970], for the proposition that section 5-703 provides that a contract for the sale of real property is void unless in writing and that such section is applicable to an auction sale of such property.)
Although you have not so requested, we have added the following paragraph, which may further assist you in the resolution of your problem.
Of course, a purchaser is entitled to a marketable title (one free from liens and encumbrances unless otherwise stipulated) regardless of the kind of deed, including a quitclaim deed, by which that title is to be conveyed. (See discussion in West's McKinney's Forms, Real Property Practice, § 3:01, p 270, revised volume 11 [1980], citing Wilhelm vWilken, 149 N.Y. 447 [1896]; and see also Wallach v Riverside Bank,206 N.Y. 434 [1912].) Where title is unmarketable, the purchaser may rescind and recover what he has paid on the contract. (62 N Y Jur Vendorand Purchaser, § 131, citing Najean Builders, Inc. v Harbor BayRealty Co., 27 Misc.2d 826 [Sup Ct, Nassau Co, 1960] affd 15 A.D.2d 580
[2d Dept, 1961]; also, a purchaser is entitled to a refund of the money paid where there never was a valid contract [62 N Y Jur, § 161, citingNathan v Weil, 222 App. Div. 837 [2d Dept, 1928].) It has likewise been held that a successful bidder at a city auction was not required to purchase lots subject to an encroachment even with knowledge of its existence at the time of his bid where he did not expressly undertake to purchase subject to the easement or encroachment (Redner v City of NewYork, 53 Misc.2d 148 [Civ Ct, NYC, 1967]).
2. Villages have power to purchase and sell real property as required for village purposes (Village Law, § 1-102). There are no statutory guidelines for the sale of real property; the village may determine the method of sale, and in its discretion sell real property at public auction or through private negotiated sale (1981 Op Atty Gen [Inf] 149, copy enclosed; McQuillin, Municipal Corporations, 3d Ed, Vol 10, § 28.44).
It has been further held that a municipality has the power to settle and compromise a disputed claim made against it (Hills v Peekskill SavingsBank, 101 N.Y. 490, 497 [1886]; 15 ALR 2d 1365 [II, § 3]). There is sufficient consideration for the compromise of a claim if the parties in good faith advance opposing contentions, even though the claim is without legal validity and is incapable of enforcement (O'Brien v The Mayor,25 Misc. 219, 221 [Sup Ct, New York Co, 1898], affd 40 App. Div. 331 [1st Dept, 1899], affd 160 N.Y. 691 [1899]). However, a municipality cannot, under the guise of a compromise, give validity to a void or groundless claim (Andgar Associates, Inc. v Board of Zoning Appeals, 30 A.D.2d 672
[2d Dept, 1968], motion for lv to app denied 22 N.Y.2d 648 [1968]).
We conclude, therefore, that a village has discretion to return the down payment to a successful bidder as a compromise or settlement of his claim as long as he has at least an arguable right to recover the down payment.
3. The power to compromise a claim would likewise allow a village to adjust the purchase price on a sale of real property arising from a claim involving an encumbrance on the village's title.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.