John B. Nesbitt, Esq. Village Attorney, Palmyra
Your letter notes that your law firm represents several municipalities in Wayne County, including a town, a village and a school district. Your question is whether these municipalities have the authority to convey real property by means other than a quitclaim deed.
In general, municipalities have the power to convey real property held by them in a propriety capacity. Town boards are authorized to enact resolutions conveying or leasing real property, but the conveyance is subject to permissive referendum (Town Law, § 64 [2]; see 1970 Op Atty Gen [Inf] 110). There are various provisions in the Education Law which authorize school boards to convey real property (Education Law, § 402, 1709 [11], 1804 [6] [c]). Under certain circumstances, the school district voters must approve the terms and conditions of the sale (ibid.). In contrast, a village's authority to convey real property is not subject to voter approval (Village Law, § 1-102 [b]). In past opinions, we have found that the village may use its discretion to determine the method of sale — public auction or private negotiated sale — as long as the method chosen serves the public interest (1982 Op Atty Gen [Inf] 215; 1981 Op Atty Gen [Inf] 149). Furthermore, we note that General Municipal Law, § 72-h governs the conveyance of property between municipalities and other public entities.
Once the authority for making the conveyance has been established, the question arises as to what form the conveyance may take. The Real Property Law defines "conveyance" as including "every instrument, in writing, except a will, by which any estate or interest in real property is created, transferred, assigned or surrendered" (Real Property Law, § 240 [2]).
There are three main types of conveyances in use today: (1) the quitclaim deed, whereby the vendor agrees to convey whatever interest, if any, he has in the property; (2) the bargain and sale deed, whereby the vendor asserts that he has good title to the property and covenants that he has taken no action to impair the title; and (3) the full covenant and warranty deed, whereby the vendor, in addition to conveying the title to the property, covenants, inter alia, that the vendor has good right to convey the property, that the title is free of encumbrances and that the vendee has the right to quiet enjoyment of the property (Real Property Law, § 258; 43 N Y Jur 2d §§ 7-10).
In our view, these statutory provisions which authorize municipalities to "convey" property permit the municipality to convey the property by means of any one of the generally accepted deeds: quitclaim, bargain and sale or full covenant and warranty deeds. It is our understanding that typically a conveyance of municipal property is made by means of a quitclaim deed. This deed is acceptable to the purchaser in the vast majority of cases. We recognize, however, that there may be special circumstances where a municipality may wish to convey property by means of a bargain and sale deed or a full covenant and warranty deed. Inasmuch as these deeds are alternate forms of conveyances, they fall within the municipality's authority to "convey" (see Wilhelm v Wilken, 149 N.Y. 447,450 [1896]; Warren's Weed New York Real Property, Municipal Corporations, Vol 3A, §§ 3-01, 3-02). We offer no opinion as to the advisability of a conveyance by full covenant deed. Such a conveyance, of course, imposes additional obligations on the vendor and should be made only after a municipality has made certain it can meet those obligations.
Finally, we note that in a 1958 opinion this office concluded that the statutory grant of authority to "convey" property in the Town Law did not include the authority to make warranties as to the title, as in a full covenant and warranty deed (1958 Op Atty Gen [Inf] 157). The conclusion reached there was based on a narrow reading of the term "convey", so as not to include authority to warrant title (ibid.; Real Property Law, § 251). We do not believe such a narrow reading is appropriate, given the broad powers of municipalities with regard to the management of their property (Town Law, § 64; Village Law, §1-102; Education Law, § 402, 1709, 1804; see McQuillan, Municipal Corporations, Vol. 10, §§ 28.43, 28.44), and for the reasons stated earlier in this opinion. 1958 Op Atty Gen (Inf) 157 is hereby superseded.
We conclude that under appropriate circumstances a municipality has authority to convey property by means other than a quitclaim deed.