[No. 2,841.]

HENRY GRAFF ET AL. v. S. P. MIDDLETON ET. AL.

QUITCLAIM DEED.—A quitclaim deed, received in good faith, and for a valuable consideration, and which is recorded before a prior deed of bargain and sale, will prevail over such prior deed.

IDEM.—A quitclaim deed passes whatever interest the seller has in the land at the time of its execution.

ACT CONCERNING CONVEYANCES.—The twenty-sixth section of the Act of April 30th, 1850, requires conveyances made before its passage to be recorded.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

This was an action to quiet the title to a tract of land in San Francisco, being a portion of the pueblo lands confirmed to said city.

The tract in controversy was granted to William Chandler, by the Alcalde of the pueblo, on the 30th day of December, 1848. Said Chandler, in 1849, conveyed the land by a deed of bargain and sale to Jones and McCormick, and their title passed by sundry mesne conveyances to the defendants. On the 29th day of November, 1853, said Chandler executed to Arthur Eggleso a quitclaim deed of the same land, and the plaintiffs claim under him.

The other facts are stated in the opinion.

*J. M. Seawell* and *John W. Dwinelle,* for Appellants.

The deed from William Chandler, dated November 29th, 1853, under which plaintiffs' claim, was merely a quitclaim deed and conveyed no title, said Chandler having previously conveyed the land to Jones and McCormick. (*Coe* v. *Persons Unknown,* 43 Maine; *Dupont* v. *Wertheman,* 10 Cal. 354; *Clark* v. *McElroy,* 11 Cal. 154; *Adams* v. *Cuddy,* 13 Pick.; *Farrar* v. *Patton,* 20 Miss. 82; *Chaffin* v. *Chaffin,* 4 Gray Mass. 202; *Brown* v. ———, 3 Story, 391; 1 Cowen, 613;

14 Johns. 193; 20 Johns. 478; 4 Kent, 261, 270, note; 14 Ill. 317.)

*H. B. Janes* and *W. H. Patterson*, for Respondents.

A quitclaim deed of land affects land, conveys such land, and is therefore a conveyance. (*Jackson* v. *Fish*, 10 John. R. 456; *Beldoe's Ex'r* v. *Wadsworth*, 21 Wend. 126; *McConnell* v. *Reed*, 4 Scammon, Ill. 121; *Flagg* v. *Mann*, 2 Sumner, 486; *Brady* v. *Spurck*, 27 Ill. 482; *Sherwood* v. *Barlow*, 19 Conn. 471; *Pray* v. *Pierce*, 7 Mass. 381.)

By the Court, BELCHER, J.:

This is an action to quiet the title to certain real property in the City of San Francisco. Both parties claim under one William Chandler, who, it is admitted, became the owner of the premises in fee in December, 1848.

There can be no doubt that Eggleso purchased of Chandler in good faith and for a valuable consideration, for it is admitted that he paid three thousand seven hundred and fifty dollars for the property, and took his deed without notice, actual or constructive, of any prior deed or other defect in the title. It is manifest that he supposed he was purchasing a good title. He received a quitclaim deed and at once placed it on record. The plaintiffs also purchased of him in good faith and for a valuable consideration, and placed their deed of record. As early as 1856 they entered into the actual possession of the premises, and have held that possession ever since.

It appears that Chandler in fact conveyed the premises to Jones and McCormick in 1849, but their deed was destroyed by fire in June, 1850, and was never recorded, and no possession was ever taken under it. The defendants claim under this deed, and insist that it was effectual to pass the title as against the subsequent quitclaim deed to Eggleso.

The plaintiffs had judgment in the Court below, and the defendants appeal.

Sections twenty-six and thirty-six of the Act concerning conveyances are as follows:

"Sec. 26. Every conveyance of real estate within this State, hereafter made, which shall not be recorded as provided in this Act, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate, or any portion thereof, where his own conveyance shall be first duly recorded."

"Sec. 36. The term 'conveyance,' as used in this Act, shall be construed to embrace every instrument in writing by which any real estate or interest in real estate is created, aliened, mortgaged, or assigned, except wills, leases for a term not exceeding one year, executory contracts for the sale or purchase of lands, and powers of attorney."

The Act concerning conveyances was passed April 30th, 1850, and it is settled that it requires conveyances made before its passage to be recorded, and denounces the same penalty for failing to record them as in the case of conveyances made after its passage. (*Stafford* v. *Lick*, 7 Cal. 479; *Clark* v. *Troy*, 20 Cal. 219; *Anderson* v. *Fisk*, 36 Cal. 625.)

It is said this rule ought not to apply in this case, because the deed to Jones and McCormick was burned and could not be recorded. It will be observed that it was not destroyed till more than a month after the passage and taking effect of the Act; but if it had been destroyed before the Act was passed, we do not see how it could help the defendant's case. It is a familiar rule, that when the fault or misfortune of one has caused a loss to another, he whose fault or misfortune it is to have caused the loss must bear its consequences.

There can be no doubt upon the question presented, if real estate, or an interest in real estate, can be aliened or assigned by a quitclaim deed. To alien or alienate means simply to

---

---

convey or transfer title to another. In this State, from the earliest times, quitclaim deeds have been in every-day use for the purpose of transferring title to land, and have been considered as effectual for that purpose as deeds of bargain and sale. It is true they transfer only such interest as the seller then has, and do not purport to convey the property in fee simple absolute, so as to pass an after-acquired title, but to the extent the seller has an interest they divest him of it and vest it in the purchaser.

We consider, therefore, that a quitclaim deed received in good faith and for a valuable consideration, which is first recorded, will prevail over a deed of older execution which is subsequently recorded.

Judgment affirmed.