Hastings v. Brooker.

Filed Oct. 31, 1884.

------

## No. 11,846.

## HASTINGS v. BROOKER.

EJECTMENT.—*Evidence.*—*Quitclaim Deed.*—The plaintiff in ejectment put in evidence a warranty deed from R. which was not recorded until eighteen months afterwards. The defendant, claiming as lessee of H., offered in evidence a quitclaim deed from R. to his lessor, made after the deed to the plaintiff, but before it was recorded, but this evidence was refused. *Held*, without determining the effect of the evidence, that it was admissible, and its refusal fatal error.

From the Marion Circuit Court.

*I. Klingensmith*, for appellant.

*J. S. Harvey*, for appellee.

ELLIOTT, C. J.—The appellant leased the real estate in controversy from Christopher Hilgenberg, and entered into possession as his tenant. After he had been in possession for several months, and had paid rent to Hilgenberg under the contract demising the premises, the appellee demanded possession and brought this action to evict the appellant. The latter resisted the demand, insisted by his answer and evidence, that he was in possession as the tenant of Hilgenberg,

the rightful owner of the property. The important issue, therefore, was as to the ownership of the real estate, for if, Hilgenberg was the owner, then the appellee had no case.

The appellee read in evidence a warranty deed executed to him by Elisha T. Reddick and wife, on the 9th day of September, 1881, but not recorded until the 24th day of March, 1883. The registry was not within the time prescribed by law, and the deed did not become effective, as against purchasers who bought in good faith and without actual notice, until it was recorded. The appellant, at the proper time, offered in evidence a quitclaim deed, executed ·by Reddick and wife, on the 26th day of August, 1882, and recorded on the 28th day of that month, but the court refused to admit it.

A quitclaim deed is effective to convey title. It is a vehicle of title conveying to the grantee such title as the grantor has, and to that extent is as operative as any deed can be. R. S. 1881, sec. 2924; *Rowe* v. *Beckett*, 30 Ind. 154. It is held by respectable courts that one may become a *bona fide* purchaser under a quitclaim deed. *McConnel* v. *Reed*, 4 Scam. 117; *Fash* v. *Blake*, 38 Ill. 363; *Graff* v. *Middleton*, 43 Cal. 341. Other courts, however, following English authors, declare a different rule. It is difficult to perceive why a grantee in a quitclaim deed may not hold as a *bona fide* purchaser in countries where there is a registry law, for it appears equitable that as the deed conveys title it should be deemed effective in favor of one who has paid full value, has acted in good faith and without notice, as against one who has kept his deed off of record for an unreasonable length of time. The object of the registry law is to make grantees record their deeds and to impose upon good faith purchasers no greater burden than that of looking to the public records. If the grantee looks to the record, pays full value and acts in good faith, he should, it would seem clear, be deemed to acquire all the title which the record showed his grantor to possess, but without deciding just what the rule upon this subject should be, we hold that in this case the deed should have

been admitted in evidence. The tenant had a right to show the title of his landlord and the claim under which possession was taken, and had a right, also, to contest the appellee's claim of title. If he acquired rights on the faith of the title of his landlord, he ought to have been allowed to show it, and for this purpose the deed was competent as a link in the chain of evidence. The competency of evidence is one thing, and its importance and weight quite another. *Nave* v. *Flack*, 90 Ind. 205 (46 Am. R. 205).

In determining whether evidence is or is not competent, it is not proper to look alone to the evidence of the objecting party, for the party making the offer has a right to have his own evidence considered. In the present instance, the agent who conducted the business for Hilgenberg, and Hilgenberg himself, testified that the purchase was made without any knowledge of the conveyance to Brooker, and this evidence should have had due consideration.

The fact that Brooker bought subject to a mortgage, which Reddick had previously executed to Hilgenberg, does not affect the question, for the latter had a perfect right to buy and to use his mortgage debt, as there is evidence showing he did do, in part payment of the purchase-money.

Judgment reversed.

Filed Oct. 31, 1884.