Davidson *et al. v.* Coon.

Judgment reversed.

Filed May 27, 1890; petition for a rehearing overruled Oct. 28, 1890.

---

No. 13,764.

DAVIDSON ET AL. *v.* COON.

WILL.—*Legacy.—Charge upon Land.—Testator's Personal Estate.—Pleading.*— A will contained this provision: "I give to my son, J. C., the sum of eight hundred dollars, to be made out of my estate, and I also direct that my son J. shall have three hundred dollars, also to be made out of my estate after the death or marriage of my wife; when the above amounts of money shall have been paid, I direct that the remainder of my whole estate shall be divided equally among my heirs." J. C.'s legacy remains unpaid.

*Held,* that as the will does not specifically devise the land, but does, by its terms, bequeath a legacy to J. C., and make it a charge upon the land, it was not necessary in order to have the lien of the charge established that the complaint should allege that the testator had not sufficient personal estate to satisfy the legacy at the time he executed the will.

SAME.—*Legatee.—Action to Establish Lien.—May be Brought After Final Settlement.*—A legatee whose legacy is a charge upon land may maintain an action to establish the lien after the estate has been finally settled.

SAME.—*Legatee.*—*Tenant in Common.*—*Merger.*—*Quitclaim Deed.*—Where such legatee asserted by unequivocal acts that he was a tenant in common with other heirs of the real estate, and united in partition, and acquiesced therein, and executed quitclaim deeds, he can not assert his lien as legatee, since it was merged in his title as owner.

From the Hancock Circuit Court.

. *T. B. Redding, M. Marsh* and *W. W. Cook,* for appellants.

*D. S. Gooding, M. B. Gooding* and *J. A. New,* for appellee.

ELLIOTT, J.—The appellee's complaint contains these allegations : That Conrad Coon died the owner of real estate of the value of five thousand dollars ; that he died testate, having executed a will, and that his will was probated in due course of law ; that the will contains this provision : " After the death of my wife, I direct that my estate shall be divided in the following manner : First. I give to my son, Joseph Coon, the sum of eight hundred dollars in money, to be made out of my estate, and I also direct that my son Joshua shall have three hundred dollars, also to be made out of my estate after the death or marriage of my wife ; when the above amounts of money shall have been paid I direct that the remainder of my whole estate shall be equally divided among my heirs." The legacy bequeathed to the appellee, Joseph Coon, is wholly unpaid. That since the testator's death the real estate has been conveyed to the appellants ; that all of the debts of the testator's estate have been paid, except the legacies bequeathed by him to the legatees named in the will ; that " the estate has been finally settled, and that there was not then, nor is there now, any personal property with which the legacy could, or can be, paid."

The general rule is that the personal estate supplies the fund out of which legacies are to be paid. *Duncan* v. *Wallace,* 114 Ind. 169. Where a specific devise of land is made, and a general legacy is bequeathed without charging the legacy upon the land devised, then it is incumbent upon the legatee who seeks to charge the land, to show that the tes-

tator had no personal estate at the time the will was executed out of which the legacy could be paid. The reason for this rule is that where there is a specific devise of land to one and the bequest of a general legacy to another, but no express words charging the land, there must be such facts as authorize the implication that the testator intended to charge the land. Where there is no personal property out of which the legacy can be paid, there is reason for inferring that the testator meant to charge the land specifically devised, otherwise the bequest would be a mere mockery. *Duncan* v. *Wallace, supra; Hoyt* v. *Hoyt,* 85 N. Y. 142 ; *McCorn* v. *McCorn,* 100 N. Y. 511 ; *Corwine* v. *Corwine,* 24 N. J. Eq. 579 ; *Lypet* v. *Carter,* 1 Vesey, Sr., 499 ; *Cross* v. *Kennington,* 9 Beav. 150; *Elliott* v. *Hancock,* 2 Vern. 143. But where there is personal property at the time of the execution of the will, although it may be afterwards wasted, there is no ground for implying an intention on the part of the testator to charge the land specifically devised. The general rule is that where the provisions of the will can be given effect without burdening the land specifically devised, it will be done, and this implies that where there is a specific devise of land and a general bequest of money, and no express charge upon the land, the land is not burdened unless it appears that the testator impliedly intended that the land should be charged, and where he has personal estate no such intention can be implied as against the specific devisee.

If the will before us is to be regarded as specifically devising land without charging it by implication with the general legacy, then the complaint is fatally defective, because it does not show that the testator did not have personal estate out of which the legacies could be paid. The question hinges upon the construction to be given to the peculiar provisions of the will. The will does not specifically devise the real estate to the heirs of the testator, but the devise is a residuary one. The general rule respecting such devises is that " Nothing is given by a residuary clause except upon the condition

that something remains after all paramount claims upon the testator's estate are satisfied." *Tomlinson* v. *Bury*, 145 Mass. 346.

The will we are considering does, by its terms, make the legacies a paramount claim, inasmuch as there is no specific devise of the land, and there is manifested a clear intention to devise only what remains after the payment of the legacies. This intention is exhibited in the provision that the legacies shall be made out of the estate, and by the use of the words that follow the bequests, which are : " I direct that the remainder of my whole estate shall be divided among my heirs." These words clearly evince an intention to vest in the heirs the estate remaining after the payment of the legacies, and the antecedent provisions, taken in connection with this language, express an intention to charge the whole estate with the payment of the legacies. *Wilson* v. *Piper*, 77 Ind. 437 ; *Lofton* v. *Moore*, 83 Ind. 112 ; *Castor* v. *Jones*, 86 Ind. 289 ; *Porter* v. *Jackson*, 95 Ind. 210. As the will does not specifically devise the land, and does, by its terms, bequeath a legacy to the appellee and make it a charge upon the land, it was not necessary in order to have the lien of the charge established, that the complaint should allege that the testator had not sufficient personal estate to satisfy the legacy at the time he executed the will.

The authority of *Reynolds* v. *Bond*, 83 Ind. 36, and *Mc-Coy* v. *Payne*, 68 Ind. 327, is invoked to sustain the proposition that as the estate has been finally settled the action will not lie. These cases are not influential for the reason that the heirs took by a residuary clause of the will and acquired their interest subject to the legacies charged upon the land, and, as there was no personal estate upon final settlement, the legatees had a right to establish against the land the equitable lien created by the will. As we understand the cases of *Reynolds* v. *Bond, supra*, and *Gould* v. *Steyer*, 75 Ind. 50, they assert that the lien created by a legacy charged upon the land may be established after final settle-

ment. No other rule can be sound, for if, after final settlement, there is no personal estate the charge fixes upon the land and the equitable lien may be established. The executor, to be sure, is the person primarily bound to pay a general legacy, but he is only bound where there are personal assets in his hands and no charge upon the land. The cases of *Lovering* v. *King*, 97 Ind. 130, and *Carr* v. *Huette*, 73 Ind. 378, are not relevant to the point here in dispute. The point in dispute in those cases concerned the rights of creditors, while here the point in dispute concerns the right of a legatee whose legacy is a charge upon land.

While the complaint is lacking in symmetry and precision, it is good as against a demurrer, for it states, although somewhat vaguely and obscurely, facts constituting a *prima facie* case.

The facts contained in the special finding, shortly stated, are these : Conrad Coon executed the will filed with the complaint; he died the owner of the land in controversy, and the will was probated on the 11th of November, 1861. The personal property of which Conrad Coon died the owner, was taken by his widow and applied to the payment of the debts of his estate. Numerous conveyances were made by the heirs, some from one to another, and some to third persons. The conveyances to which Joseph Coon was a party are these: One executed on the 30th of May, 1862, in which he appears as a grantee; three executed on the 9th of April, 1862, in two of which he was one of the grantors, and in one of which he was a grantee ; one on the 16th day of February, 1866, in which he was a grantee ; one on the 26th day of February, 1876, in which he was one of the grantors, and one on the 13th day of January, 1876, in which he was one of the grantors. All of the deeds referred to, except that of February 26th, 1876, executed to Washington Jackson, were quitclaim deeds. The deeds of April 9th, 1864, were executed simply to partition the lands described among the parties. In executing those deeds the

appellee's legacy was not considered, nor has he ever been paid any part of it. The appellant Davidson purchased the land from the grantees of the heirs of Conrad Coon, as appears from the deeds referred to in the special finding.

The rule established by the decisions of the American courts is, that a voluntary partition of lands made by tenants in common, although evidenced by quitclaim deeds, does not imply a warranty. *Weiser* v. *Weiser,* 5 Watts, 279 (30 Am. Dec. 313); *Picot* v. *Page,* 26 Mo. 398; *Dawson* v. *Lawrence,* 13 Ohio, 543 (42 Am. Dec. 210); *Carpenter* v. *Schermerhorn,* 2 Barb. Ch. 314; *Beardsley* v. *Knight,* 10 Vt. 185 (33 Am. Dec. 193); *Rountree* v. *Denson,* 59 Wis. 522. This rule has been asserted in cases where there has been a failure of title, and one of the co-tenants has demanded compensation from another; or where there has been an attempt to estop one of the co-tenants from asserting an after-acquired title. It is very evident that no such case is before us. Here no warranty is invoked, no failure of title is asserted, nor any effort made to defeat an after-acquired title. In this instance all the title and interest the appellee had existed when the partition was made, and the deeds executed. He united in the partition, accepted grants, and executed conveyances. He was treated as a co-tenant, and, for aught that appears, he reaped all the benefits of that position. He acquiesced in the partition for almost twenty years. In our judgment he is not now in a situation to assert that the legacy bequeathed to him by the ancestor, who was the source of title, is a charge upon the land. The reason of the rule, that there is no warranty in case of voluntary partition, completely fails in such a case as this. Ordinarily a quitclaim deed conveys all the existing interest of the grantor in the land described, but does not affect an after-acquired title. Title passes as effectually by a quitclaim deed as by any other. *Hastings* v. *Booker,* 98 Ind. 158; *Rowe* v. *Beckett,* 30 Ind. 154; *McConnel* v. *Reed,* 4 Scam. 117; *Fiah* v. *Blake,* 38 Ill. 363;

*Graff* v. *Middleton,* 43 Cal. 341 ; *Hall's Lessee* v. *Ashby,* 9 Ohio, 96 (34 Am. Dec. 424); *Hunt* v. *Hunt,* 14 Pick. 374; *Smith* v. *Pendell,* 19 Conn. 107 (48 Am. Dec. 146).

Our statute sets this question at rest, for it declares that "A deed of release or quit-claim shall pass all the estate which the grantor could convey by a deed of bargain and sale." Section 2924, R. S. 1881. If the appellee was not a tenant in common his deed would, beyond controversy, convey all the estate he had in the land at the time of its execution. If the legal effect of the deed is changed, it is solely because it was executed by him in the capacity of a tenant in common in order to effect a partition of the land. We are not inclined to rule that the position he occupied completely changed the effect which the law so emphatically affixes to his deed, but if we were inclined to so rule, it would give the appellee no comfort.

The appellee is in this dilemma: If his deed is to have its usual effect it conveys his interest in the land, and releases his lien; if it is not to have its usual effect, it is because it was executed by him as one of several owners in common, but if it was executed by him as one of several owners he can not assert his lien since that was buried or merged in his character of an owner. We are not unmindful of the doctrine that equity will not suffer a merger to take place where injustice would result, but that doctrine the appellee, after having voluntarily assumed the position of a tenant in common, is in no plight to invoke. Equity almost imperiously demands that his lien shall be merged, for no other course will promote justice. At law where the estate of a lienor meets that of the owner in one person, the lien is merged. That rule must govern here, for there is no equity to break its force. The appellee having by unequivocal acts asserted that he was one of several tenants in common, claiming under the same ancestor, and having for so many years deported himself as an owner, is in no situa-

tion to cast aside that character and enforce a lien by taking upon himself the character of a lien-holder.

Upon the facts contained in the special finding the law is with the appellants.

Judgment reversed, with instructions to restate conclusions of law and enter judgment in favor of the appellants.

