SMITH v. MCCLAIN ET AL.

[No. 17,297.   Filed October 14, 1896.]

QUIT-CLAIM DEED.—Bona Fide Purchaser.—Statutes Construed.—Un-
der sections 3343-3348 Burns' R. S. 1894, the grantee in a quit-claim
deed may become a bona fide purchaser the same as under any
other form of conveyance.   p. 83.

SAME.—To Childless Second Wife by Husband's Children.—Where a
husband dies intestate leaving two children and a childless second
wife as his heirs at law, and the two children by quit-claim convey
"all the right, title and interest" which they have as such heirs in
a certain tract of land to the childless second wife, such convey-
ance vests in her a fee-simple title to the undivided two-thirds in-
terest of the children.   p. 83.

DEED.—Evidence.—By the execution of a deed the preliminary con-
tract is executed, and any inconsistencies between its terms and
those of the deed are to be explained and settled by the deed alone.
p. 87.

SAME.—Declaration of Party in Possession of Real Estate.—Evidence.
—The declarations of a party in possession of real estate, showing
the character of his possession and the title by which he held are
competent as evidence against those claiming under him, except
such evidence cannot be given to sustain or destroy the record title.
p. 87.

EVIDENCE.—Consideration.—Parol evidence as to the true considera-
tion of a deed is not competent to defeat the operation of the deed
as a valid and effective grant.   p. 87.

STATUTES.—Construction of Deeds.—Descent.—If the Act of March
11, 1889 (Acts 1889, p. 430, section 1; Burns' R. S. 1894, 2644) is uncon-
stitutional because it attempts to amend a statute already re-
pealed, that fact does not invalidate the remaining sections,
2645-2647, Burns' R. S. 1894, since they are so complete in them-
selves as to stand alone, and the subject of the same is suffi-

ciently expressed in the title to comply with the requirements of the constitution. *p. 89.*

SAME.—*Construction Of.*—*Subject-matter of Act.*—The requirement of the Constitution, Article 4, section 19, that "every act shall embrace but one subject and matters properly connected therewith," is not violated by Act, March 11, 1889 (Acts 1889, p. 430). *p. 89.*

SAME.—*Construction Of.*—*Descent.*—*Deed.*—*Conveyance by Heirs to Childless Second Wife.*—*Estoppel.*—Under Act March 11, 1889 (Acts of 1889, p. 430, sections 2 and 3; Burns' R. S. 1894, 2645, 2646) where, during the life of the childless second or subsequent wife of an intestate, his children convey in fee lands affected by her life-estate, and receive full payment therefor, they are estopped from claiming any title thereto; and under said sections, it was competent to prove whether there was any contract for the conveyance of the "fee" of the one-third part of the real estate which the widow inherited, and the consideration to be paid therefor, and whether full payment had been made. *p. 89.*

From the Marion Circuit Court. *Reversed.*

*Miller, Winter & Elam,* for appellant.

*Denny & Taylor,* for appellees.

MONKS, C. J.—Appellees brought this action to quiet their title to and recover possession of certain real estate, described in the complaint. Appellant filed an answer and also a cross-complaint to quiet his title to the same real estate. Appellees filed an answer to said cross-complaint and reply to appellant's answer.

The cause was tried by the court and a finding made in favor of appellees, and over a motion for a new trial judgment was rendered against appellant. The causes specified for a new trial were:

First. Errors of law occurring at the trial in admitting certain evidence over appellant's objection.

Second. That the finding of the court was not sustained by sufficient evidence.

Third. That the finding of the court was contrary to law.

Fourth. Error in assessing the amount of the recovery, the same being too large.

The action of the court in overruling the motion for a new trial is assigned as error.

It appears from the evidence that the real estate in controversy, a house and lot in the town of Zionsville, worth about $1,000.00, was owned in fee-simple at the time of his death, in April, 1884, by one Jonas Case, and was his family residence. He owned at the same time 120 acres of farming land in Marion county, Indiana, worth about $7,000.00, and some business property in the town of Zionsville. His heirs at law were his widow, Margaret E. Case, a second wife without children, and the appellees, Frances A. McClain and one William H. Case, children by a former wife. William H. Case died in December, 1891, leaving the appellees, Aletta M., Neldo O., and Flossie A. Case, his only children and heirs at law. The widow, Margaret E. Case, died in January, 1892. After the death of Jonas A. Case, she married Ithamar Whicker, who survived her, and with one Mary Stultz, her mother, constituted her sole heirs at law. After the death of Jonas Case, on the 19th day of September, 1884, his children, William H. Case and his wife and Frances A. McClain and her husband, executed a quit-claim deed to the widow, Margaret E. Case, for the house and lot in Zionsville. The deed recites a consideration of $1,000.00, and immediately following the description of the property contained a further recital in the following language: "The grantors herein, William H. Case and Frances A. McClain, being the sole and only heirs of Jonas Case, except the grantee, who is the widow of said Case and without children, and this conveyance being made in settlement and adjustment of their interests in real estate herein described and certain lands in Marion county, Indiana,

described in deed of even date herewith by grantee herein and Frances A. McClain and her husband to William H. Case."

At the same time Margaret E. Case and Frances A. McClain and her husband executed a quit-claim deed to William H. Case for "all their right, title and interest" in the 120 acres of farming land in Marion county, Indiana. This deed recites a. consideration of $1,000.00, and following the description contains a further recital as follows: "which the said Margaret E. Case, as widow without children, and Frances A. Mc-Clain, as daughter, have derived as heirs of Jonas Case, said Frances A. McClain and the grantee herein, being the only children and heirs of Jonas A. Case."

In consideration of the conveyance to William H. Case by Margaret E. Case and Frances A. McClain and husband of "all their right, title and interest" in said 120 acres of real estate, he paid his sister, Mrs. Mc-Clain, $3,500.00, and he and said Frances A. McClain promised to pay Margaret E. Case $1,000.00, and executed the quit-claim deed to her for the real estate in controversy.

The first deed was properly recorded shortly after its execution in Boone county, Indiana, and the second deed in Marion county, Indiana. No disposition was made of the business property in Zionsville, of which Case died seized. It continued to be held by his widow and children as tenants in common until the death of the widow. After the execution of the deeds of September 19, 1884, Margaret E. Case remained in exclusive possession of the house and lot in Zionsville until her death, after which her second husband, Ithamar Whicker, and mother, Mary Stultz, claimed that it had descended to them as her heirs at law. On the 25th of March, 1892, Mrs. Stultz, by quit-claim deed conveyed her interest to Mr. Whicker, and on the 21st

of April, 1892, he conveyed the entire property by quit-claim deed to the appellant, who took and retained possession until the time of the commencement of this suit.

The court permitted the witness, Sarah S. Case, to testify as to the purpose of making such deed, and as to statements made by Margaret E. Case before and at the time of its execution, to show that it was made for the purpose of effecting a partition and without any intention of increasing the title of Margaret E. Case. For the same purpose, the deed executed at the same time by Margaret E. Case and Frances A. McClain to William H. Case for the farming land in Marion county was admitted in evidence, and Mrs. Klingenschmidt was also permitted to testify as to certain statements made to her subsequently by Margaret E. Case, which it was claimed tended to show that she understood at her death the property in controversy would go to the appellees. All this evidence was objected to by the appellant, and its admission properly excepted to.

The theory upon which appellees base their right to recover is that the interest of Margaret E. Case in the real estate of Jonas Case, deceased, at her death descended to the appellees, the children and grandchildren of Jonas Case, as her forced heirs, and that the deed which was executed to her on the 19th day of September, 1884, by the children of Jonas Case was made only for the purpose of effecting a partition between her and the children of Jonas Case of the house and lot in Zionsville, in controversy in this action, and the 120 acres of farming land in Marion county, and that her title to the property in controversy was not increased by such deed, but that at her death it descended to the appellee as her forced heirs, precisely as if such deed had not been made.

The theory of the appellant was: First, that the legal effect of the deed of September 19, 1884, executed by Frances A. McClain and William H. Case to Margaret E. Case, was to make the latter the absolute owner in fee-simple of two-thirds part in value of the real estate in controversy, leaving only one-third part, which had descended to her from Jonas Case, subject to descend at her death to the children and grandchildren of Jonas Case as her forced heirs, and that such legal effect could not be impaired or changed by parol evidence; that the deed was made for the purpose of effecting a partition only, or of statements or declarations of the parties thereto as to the title that was intended to be conveyed thereby; second, that by force of the second section of the statute of March 11, 1889 (Acts 1889, p. 430); Elliott's Supplement, sections 423-26; Burns' R. S. 1894, sections 2644-47), the deed to Margaret E. Case of September 19, 1884, had the effect, upon the death of Margaret E. Case, to estop the appellees from asserting that they took, as her forced heirs, the one-third interest in the property in controversy, which descended to her as the widow of Jonas Case; third, that the evidence as to the deed of September 19, 1884, having been made for the purpose only of effecting a partition, did not establish such fact.

After the death of Jonas Case, in 1884, intestate, one-third part in value of the real estate of which he died seized descended in fee-simple absolutely to each of the children of his first wife, Frances A. McClain and William H. Case. Section 2622, Burns' R. S. 1894. The remaining one-third descended in fee-simple to his widow, Margaret E. Case, but under a disability personal to herself to make any conveyance of such interest as would prevent the descent at her death to the

children of her husband by his first wife. Sections 2483-2487, R. S. 1881; *Haskett* v. *Maxey*, 134 Ind. 182.

On the 19th day of September, when the deed to the property in question from Frances A. McClain and William H. Case was executed, they had full power to convey their absolute title in fee-simple to two-thirds in value of said real estate to any person who was not under disability to receive such conveyance. The widow, Margaret E. Case, was under no disability to take by deed title in fee-simple to such two-thirds interest.

The statute provides that a quit-claim deed, unless limited to a less interest shall pass the entire estate of the grantor as effectually as a deed of bargain and sale. Sections 3343, 3347, 3348, Burns' R. S. 1894 (2924, 2928, 2929, R. S. 1881); *Rowe* v. *Beckett*, 30 Ind. 154; *Davidson* v. *Coon*, 125 Ind. 497, 502, 9 L. R. A. 584.

The ordinary effect of such a deed is to convey all the existing interest of the grantor in the land described, and to that extent is as operative as any deed can be. *Hastings* v. *Brooker*, 98 Ind. 158, and cases cited.

There is nothing in the deed to the widow to indicate that it was not the intention of the grantors that it should have its full legal effect and vest in her an absolute title in fee-simple to the undivided two-thirds of the real estate described, which the grantors then owned in fee-simple.

It follows that the deed to the widow, Margaret E. Case, conveyed to her the undivided two-thirds of the real estate in controversy, unless there was something which changed or controlled the ordinary legal effect of such a deed.

Appellees urge that as appellant acquired title to the real estate in controversy by quit-claim deed that he cannot be, for that reason, a purchaser in good

faith, and is not entitled to any consideration as such. A quit-claim deed conveys all the title a grantor has, and is as effectual to transfer title to land as a deed of bargain and sale. Sections 3343, 3347, 3348 (2924, 2928, 2929), *supra; Davidson* v. *Coon, supra; Hastings* v. *Brooker, supra.*

While there is some conflict in the authorities upon this question, we think the correct doctrine under the recording acts is that, one may become a *bona fide* purchaser under a quit-claim deed, the same as under any other form of conveyance. *Hastings* v. *Brooker, supra; Dow* v. *Whitney,* 147 Mass. 1, 16 N. E. 722; *Chapman* v. *Sims,* 53 Miss. 154; *Willingham* v. *Hardin,* 75 Mo. 429; *Fox* v. *Hall,* 74 Mo. 315, 41 Am. Rep. 316; *Graff* v. *Middleton,* 43 Cal. 341; *Frey* v. *Clifford,* 44 Cal. 335; *Hamilton* v. *Doolittle,* 37 Ill. 473; *Brown* v. *Banner, etc., Co.,* 97 Ill. 214, 37 Am. Rep. 105; *McConnel* v. *Reed,* 5 Ill. 117, 38 Am. Dec. 124; 2 Jones' Law of Real Prop. in Conv., sections 1394, 1395, 1396, and cases cited in notes.

Appellees insist "that where voluntary partition is made by quit-claim deed executed by the tenants in common, that such deeds do not convey title, but they simply have the effect to sever the unity of possession, and do not vest in either of the co-tenants any new or additional title; that after the execution of such deeds each has precisely the same title he had before, except that he holds his share of the whole in severalty instead of in common. *Bumgardner* v. *Edwards, Tr.,* 85 Ind. 117; *Taylor* v. *Birmingham,* 29 Pa. St. 306; *Dawson* v. *Lawrence,* 13 Ohio 543, 42 Am. Dec. 210; *Stehman* v. *Huber,* 21 Pa. St. 260." See, also, *Yancey* v. *Radford,* 86 Va. 638, 10 S. E. 972; *Dooley* v. *Baynes,* 86 Va. 644, 10 S. E. 974; *Harrison* v. *Ray,* 108 N. C. 215, 12 S. E. 993, 11 L. R. A. 722, 23 Am. St. Rep. 57;

*Chace* v. *Gregg* 88 Tex. 552, 32 S. W. 520; *Davis* v. *Agnew*, 67 Tex. 206, 2 S. W. 43.

That under this doctrine they had the right to give parol evidence to prove that the two deeds executed September 19, 1884, were partition deeds, and that the statements of Margaret E. Case, testified to by Mrs. Sarah S. Case and Mrs. Klingenschmidt, tended to prove that fact, and that the court did not err therefore in admitting their testimony.

Appellant contends that what was said in *Bumgardner* v. *Edwards, Tr., supra,* cited by appellee "as to mutual deeds for the purpose of perfecting partition, not conveying title, was *obiter dictum*," and that this court, in *Davidson* v. *Coon, supra,* declared the contrary doctrine. That the other cases cited by appellees are not applicable here for the reason that the deeds in those cases either recited that they were partition deeds or parol partition had been made, and each cotenant had taken possession of his own part, and the same was vested in him in severalty, before the deeds were executed, so that when they were executed the grantors had no interest in the real estate described therein which they could convey to the grantee, he being already the owner thereof in severalty.

As we view the facts of this case, it is not necessary to determine, and we do not determine, whether or not mutual deeds of partition, containing no statement or recital that they are such, convey title or merely sever possession.

The deed for the Marion county land conveyed to William H. Case "all the right, title and interest which the grantors, Margaret E. Case, as widow without children, and Frances A. McClain, as daughter, have derived as heirs of Jonas Case." This conveyance did not merely operate to set off to the grantee

to hold in severalty what he had before its execution held in common in both tracts. It vested in him the absolute title in the 120 acres of Marion county land so far as the grantors had the power to convey the same, leaving no interest whatever in them. After said deed was executed he held the undivided one-third of said Marion county land as heir of Jonas Case, and the other two-thirds by virtue of said deed. It was not a partition deed, and was not claimed to be such.

Margaret E. Case received for her interest in said Marion county land the quit-claim deed of William H. Case and wife and Frances E. McClain and husband for the real estate in controversy and $1,000.00 in money. It is recited in this deed that it was made "in settlement and adjustment of their interests in the real estate herein described and certain lands in Marion county, described in a deed of even date herewith." Construing these two deeds together there is nothing to show that they were executed for the purpose of effecting a partition.

Considering that William H. Case, Frances A. McClain and Margaret E. Case owned the real estate described in the deeds as tenants in common, and that the deeds were executed at the same time containing the recitals set forth, and that Margaret E. Case was to receive $1,000.00 and Frances A. McClain $3,500.00, these facts do not show that the deeds were mutual deeds of partition. After these deeds were executed, William H. Case owned property valued by the parties at $4,500.00, more than the interest he owned before, and Mrs. McClain had parted with real estate valued at $3,500.00, and Mrs. Margaret E. Case owned real estate valued at $1,000.00 less than her interest before the deeds were made. It was not a mere partition of real estate, but a transaction to which the rules of evi-

dence with reference to ordinary contracts in the purchase and sale of real estate apply.

It is the general rule that when two parties have entered into a written contract all previous negotiations and propositions in relation to such contract are merged in the final agreement, and in the absence of fraud or mistake cannot be given in evidence to vary or modify such written agreement. *Bever* v. *Bever*, 144 Ind. 157; *King* v. *Enterprise Ins. Co.*, 45 Ind. 43; *Sage* v. *Jones*, *Admr.*, 47 Ind. 122; *Ice* v. *Ball*, 102 Ind. 42, 46; *Reynolds* v. *Louisville, etc., R. W. Co.*, 143 Ind. 579, pp. 614–616, and cases cited; *Coy* v. *Stucker*, 31 Ind. 161; *Hostetter* v. *Auman*, 119 Ind. 7; *Oiler* v. *Gard*, 23 Ind. 212.

It has also been held by this court that by the execution of a deed the preliminary contract is executed, and any inconsistencies between its terms and those in the deed are to be explained and settled by the deed alone. *Phillbrook* v. *Emswiler*, 92 Ind. 590, and cases cited; *Cole* v. *Gray*, 139 Ind. 396, and authorities cited on pages 407, 408.

In *Cole* v. *Gray*, *supra*, this court said: "In 2 Devlin on Deeds, section 837, it is said: 'the question is not what the parties to a deed may have intended to do by entering into that deed, but what is the meaning of the words used in that deed; a most important distinction in all classes of construction, and the disregard of which often leads to erroneous conclusions.' And the same author, in section 840, says: 'The intent, when clearly expressed, cannot be altered by evidence of extraneous circumstances.' "

It is insisted by appellee that it is always competent to prove by parol the true consideration of a deed, and that it is impossible to give effect to this doctrine without permitting proof of the agreement as to consideration which preceded the execution of the deed.

That, under this rule, the evidence of Mrs. Case as to the statements and agreements of the parties at the execution of the deeds, was competent. This is a correct statement of the rule as declared in this State, except that such evidence is not competent to defeat the operation of a deed as a valid and effective grant. *Levering* v. *Shockey,* 100 Ind. 558, and cases on pp. 560, 561. A deed absolute on its face, however, may be shown by parol evidence to have been executed only as a mortgage. *Hanlon* v. *Doherty,* 109 Ind. 37; *Ashton* v. *Shepherd,* 120 Ind. 69; *Bever* v. *Bever, supra,* and cases cited.

It is also insisted by the appellees that the declarations of a party in possession of real estate, showing the character of his possession and the title by which he held are competent as evidence against those claiming under him, and that, therefore, the court did not err in permitting Mrs. Klingenschmidt to testify to the declarations made by Margaret E. Case when she was in possession of the real estate in controversy. This rule is correctly stated, except such declarations cannot be given in evidence to sustain or destroy the record title. *Steeple* v. *Downing,* 60 Ind. 478, and authorities cited on p. 503; *Gibney* v. *Marchay,* 34 N. Y. 301; *Jackson* v. *Miller,* 6 Cowen, 751; *Jackson* v. *McVey,* 15 Johns. 234.

Appellant next insists that by force of section 2 of the act of March 11, 1889, Acts 1889, *supra,* section 2645, *supra,* the deed to Margaret E. Case of September 19, 1884, had the effect to estop appellees from asserting that they took as her forced heirs the one-third interest in the property in controversy, which she inherited as the widow of Jonas Case. Appellees contend that section 1 of said act is unconstitutional because it attempted to amend section 2 of the act of March 4, 1853 (Acts 1853, p. 55), which was repealed

by the act of March 9, 1867 (Acts 1867, p. 204), and that an act amending a repealed act is void. *Boring, Aud.,* v. *State,* 141 Ind. 640, and cases cited. Appellees further contend that the entire act is unconstitutional because it is in contravention of section 19, Art. 4, of the constitution, which is as follows: "Every act shall embrace but one subject and matters properly connected therewith." We do not think the act contravenes the provision of the constitution quoted, as it embraces but one subject and matters properly connected therewith.

If, however, the first section attempts to amend a statute which had no existence, it is unconstitutional for that reason, and it and so much of the title as relates thereto are to be disregarded, and the only inquiry is whether the other parts are so complete in themselves as to stand alone, and whether there is remaining in the title of the act sufficient description of the subject to which they relate. *City of Indianapolis* v. *Bieler,* 138 Ind. 30, and authorities cited on p. 38; *Penniman's Case,* 103 U. S. 714; *Presser* v. *State of Illinois,* 116 U. S. 252.

It is apparent that if all that is contained in the first section of the act and all the title of the act which is the subject of the first section were eliminated, the remaining sections 2, 3 and 4 would be a complete statute, and the subject of the same would be sufficiently expressed in the title to comply with the requirements of the constitution.

Under sections 2 and 3 of said act, being sections 2645, 2646, Burns' R. S. 1894, if William H. Case and Frances A. McClain executed their deed for the purpose of conveying to Margaret E. Case the fee-simple of the undivided one-third which she inherited from her husband, Jonas Case, and they have received full payment therefor, then appellees can claim no title to

said one-third. Under these sections it was competent to prove whether there was any contract for the conveyance of the "fee" of said one-third part of the real estate affected by the widow's, and the consideration to be paid therefor, and whether full payment had been made. Appellant's title to said one-third depends upon the conditions prescribed in said sections. If all the requirements of either section 2 or 3 of said act have not been complied with he has no title to said one-third.

There was no conflict in the evidence, and the finding should have been that appellant was the owner in fee-simple of the undivided two-thirds of said real estate, and that appellees were the owners in fee-simple of the undivided one-third thereof. The finding was, therefore, contrary to law.

It follows that the court erred in overruling the motion for a new trial.

Judgment reversed, with instructions to sustain the motion for a new trial and for further proceedings not in conflict with this opinion.